QUERTERMOUS *v.* BILBY.

Opinion delivered May 17, 1920.

1. QUIETING TITLE—NECESSARY PARTIES.—Under Kirby's Digest, § 656, providing that a decree of confirmation in any cause "shall not bar or affect the rights of any person * * * who within seven years preceding had paid the taxes on the land unless such person shall have been made a defendant in the petition and duly summoned to answer the same," a decree of confirmation is void on direct attack at the instance of one who had paid the taxes on the land within seven years preceding such confirmation, and who was not made a defendant and served with process in the action.

2. JUDGMENT—DIRECT ATTACK.—A suit brought for the express purpose of setting aside or vacating a decree of confirmation of title is a direct attack thereon.

3. QUIETING TITLE—DIRECT ATTACK ON DECREE—FRAUD.—One who has paid the taxes within seven years preceding the filing by another of a petition for confirmation, and who was not made a party thereto, is entitled to have a decree rendered therein vacated in a direct action therefor, without proving that a fraud was practiced by the petitioner.

4. QUIETING TITLES — SUIT TO SET ASIDE DECREE — LIMITATION.—A person who has paid the taxes for the seven years preceding the filing of a petition for confirmation of title by another, under Kirby's Digest, ch. 25, was not required to bring suit to vacate such decree within three years and to offer to file a meritorious defense as required by § 657, as that section has no reference to any person who within seven years preceding had paid the taxes on the land.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*W. N. Carpenter,* for appellants.

The decree of confirmation in favor of J. W. Benson in 1912 was valid and legal and defendants (appellants) are the owners of this land. Appellee has not shown such a state of facts as entitles him to attack the decree of confirmation. Chap. 25 of Kirby's Digest. All

presumptions are in favor of the validity of a decree
of a court of competent jurisdiction. 101 Ark. 395. This
is a collateral attack on such a decree and the record must
show all facts essential to jurisdiction. The decree finds
that petitioner and his grantors held actual adverse pos-
session of the land, claiming title for more than seven
years. The court erred in refusing to vacate the judg-
ment, as the allegations of the complaint were sufficient
and a good defense was shown to exist. Kirby's Digest,
§§ 630, 653-4-6-7. The Benson decree shows that the law
was literally complied with. 83 Ark. 154; 104 *Id.* 624;
90 *Id.* 420; 65 *Id.* 51. Every issue raised by appellee
was heard and tried in the Benson decree case. 90
Ark. 263. The fraud that would vitiate the judgment
must have been practiced in the procurement of the
judgment. 68 Ark. 492; 73 *Id.* 440. Where it is free
from fraud in its procurement, it is conclusive on
the merits. 91 Ark. 397. See, also, 93 *Id.* 471; 94
*Id.* 332-592. The question as to the payment of taxes
or not is concluded by the judgment on collateral
attack. 49 Ark. 336; 55 *Id.* 37; 55 *Id.* 398; 57 *Id.* 423.
The court should reconsider the Benson decree and va-
cate it. 95 Ark. 180; 99 *Id.* 79; *Ib.* 317; 95 *Id.* 456; 108
*Id.* 451. The fraud must be in the procurement of the
decree itself. 103 Ark. 451; 107 *Id.* 146; 94 *Id.* 589; 108
*Id.* 417. Appellee's allegations and proof do not meas-
ure up to the standard required by our law. 108 Ark.
578; 109 *Id.* 81; 111 *Id.* 202; 114 *Id.* 493. Appellee has
not shown due diligence. 120 Ark. 258. See, also, 124
Ark. 284. Every judgment of a court of competent ju-
risdiction is presumed to be right unless it is shown af-
firmatively that it is erroneous. 104 Ark. 570; 105 *Id.*
9. On collateral attack on domestic judgments the ques-
tion of notice or no notice must be tried by the court on
inspection of the record only where the record recites
due notice that is conclusive. 11 Ark. 519; 50 *Id.* 338;
61 *Id.* 464; 110 Ark. 79; 75 *Id.* 176. After the lapse of
the term no court has power to set aside its judgment,
except for the statutory causes. 118 Ark. 457. This is

a direct attack upon the judgment or decree. 122 Ark. 74-78; 122 *Id.* 349-353; 12 So. Rep. 228. It is presumed that the court has jurisdiction. 10 A. &. E. Ann. Cases, p. 1104. To set aside a judgment for fraud the fraud must be extrinsic and collateral to the questions examined and determined by the court in the action. 98 U. S. 65-6; 25 U. S. (Law. Ed.) 93; 75 Ark. 425. The fraud must be in the procurement of the judgment practiced upon the court. Kirby's Dig., § 443. Under the law a complaint must be filed, verified by affidavit. Here the pleadings do not measure up to the requirements of the law. 120 Ark. 258. The findings of the court are not sustained by the proof or the law.

*C. L. O'Daniel,* for appellee.

In equity fraud need not be shown by direct and positive proof. Circumstances of fraud are sufficient if established. 41 Ark. 378. Benson had no title to these lands when they were confirmed and could convey none to Quertermous. Due diligence has been shown. Kirby's Dig., § 657; 204 S. W. 756; 135 Ark. 321-329. This is a direct attack on the Benson decree. 211 S. W. 145. The Benson decree is inoperative and void as to appellee, as shown.

WOOD, J. On the 24th day of September, 1912, J. W. Benson obtained a decree of confirmation of title to a large body of land situated in Arkansas County, Arkansas. The decree was obtained under the provisions of chapter 25 of Kirby's Digest. The decree, among other things, recites:

"J. W. Benson, *Ex parte,* Petitioner.

"Now on this day comes the petitioner by his solicitor and this proceeding is submitted to the court for its consideration and judgment upon the petition and its exhibits, the proof of publication of the notice and warning published herein, tax receipts, muniments of title, affidavits and other proof.

"It doth appear that heretofore at the time and in the manner prescribed by law the petitioner filed in the office

of the clerk of this court his petition, wherein he described the land hereinafter described the title to which is sought to be quieted and confirmed in this proceeding and stated such facts as show a *prima facie* title and right to said land in him and that there is no adverse occupant thereof or any part thereof. That the clerk of this court hath published in the weekly "Arkansawyer," a weekly newspaper published in Arkansas County and having a *bona fide* circulation therein, for more than six consecutive weeks prior to the first day of the present term of this court, in which he described the said land, a notice of the filing of said petition warning and calling upon all persons who claim any interest in said land to appear in this court and show cause, if any they can, why the title of the petitioner, J. W. Benson, to said land should not be quieted and confirmed.

"That the proof of the publication of said notice for the time and in the manner required by law has been made and filed herein. And the court doth find that the allegations of the petition have been proved and is therefore satisfied as to the facts set out in said petition and doth find that the said petitioner herein is the legal owner in fee simple of the said lands hereinafter described and that he and his grantors have paid all the taxes due or assessed against said land for more than seven years last past and that said J. W. Benson and his grantors have been in actual possession and claiming title."

Then follows a recital decreeing the title to certain lands, describing them, in J. W. Benson. These lands were afterward conveyed by Benson to J. P. Quertermous.

This action was instituted by the appellee against the appellants in the chancery court of Arkansas County to vacate the above decree.

The appellee alleged that he was the owner of the lands and described the same in his complaint. He alleged that the lands were wild and unimproved; that he deraigned title from the Arkansas Real Estate Company

by warranty deed in 1885; that the decree was procured by fraud; that Benson had no title to the lands and no possession thereof at the time of the confirmation; that Benson had never paid the taxes on the land as alleged in his complaint and set forth in the decree based thereon; that Benson acquired no title by virtue of the decree and that the appellants who claimed under him, therefore, had no title.

Appellee prayed that the above decree be vacated and that the various deeds (which he set out in his complaint) based on the above decree be canceled as a cloud upon his title and that he have all the relief legal and equitable to which he was entitled.

The appellant answered, denying that the above decree of confirmation in favor of Benson was void and setting up title under such decree as a complete defense to appellee's action.

The facts as disclosed by the undisputed testimony are as follows: At the time of the decree of confirmation the appellee was a resident of Oklahoma; the lands in controversy were wild and unimproved; appellee had paid the taxes on the lands for more than twenty years; appellee did not know that Benson had obtained a decree of confirmation until February, 1917. Tax receipts were in evidence by agreement of counsel showing that appellee had paid the taxes for the years 1905 to 1912 inclusive. There was also introduced a warranty deed to the lands in controversy from the Arkansas Real Estate Company to the appellee dated and recorded in 1885.

The trial court found that the appellee was the owner of the land in controversy; that the lands are wild and unimproved and that appellee had record color of title to same since 1888; that he had paid the taxes on the land since the year 1905 to 1917 inclusive; that he had paid the taxes on the lands seven years consecutively prior to the decree of confirmation procured by J. W. Benson in 1912; that appellee was not made a party to the suit in which that decree was rendered; that that decree and the

deeds grounded on it under which appellants claim were a cloud on the appellee's title.

The court thereupon entered a decree canceling the confirmation decree, *supra,* and the deeds under which appellant claimed title and quieting and confirming the title to the lands in controversy in the appellee. From that decree is this appeal.

Section 656 of chapter 25 of Kirby's Digest of the statutes, under which the confirmation decree herein assailed was rendered, provides: "The decree in the cause shall not bar or affect the rights of any person * * * who within seven years preceding had paid the taxes on the land unless such person shall have been made a defendant in the petition and duly summoned to answer the same."

This statute contemplates that any person who has paid the taxes as therein provided shall, *eo nomine,* be made a party to the petition for confirmation. If a resident of the State he must be served with process of summons, and, if a nonresident, he must be served by warning order directed against him personally as required by statute for constructive service in ordinary adversary proceedings. Secs. 6055-56-68, Kirby's Digest. In other words, the proceedings for confirmation of titles under chapter 25 of Kirby's Digest are not *in rem,* but are personal and adversary as to persons who have paid the taxes within seven years preceding the filing of the petition.

The decree of confirmation on its face shows that the appellee was not made a party defendant in the petition for confirmation. The undisputed evidence shows that he was not personally served with process, and it is not proved or even contended by the appellant that any warning order was issued and published directed against the appellee so as to obtain upon him constructive service. The decree does not recite that the appellee was served with summons or that he had constructive notice. Therefore, the decree of confirmation as to the appellee was absolutely null and void. Sec. 4424 of Kirby's Digest.

In *Van Etten* v. *Daugherty,* 83 Ark. 534-42, we held that: "In statutory proceedings every act which is juris-dictional or of the essence of the proceeding or prescribed for the benefit of the party affected is mandatory."

This is a suit brought for the express purpose of set-ting aside or vacating the decree of confirmation in favor of Benson and was, therefore, a direct attack upon that decree. See *Hooper* v. *Wist,* 138 Ark. 289.

A person who has paid the taxes within seven years preceding the filing of the petition for confirmation is pre-cisely in the same attitude as one who, at the time of the filing of the petition, is an adverse occupant of the land. It is not incumbent upon the appellee, therefore, before he could vacate the confirmation decree, to prove that a fraud was practiced by Benson upon the court in procur-ing such decree; nor was it necessary for the appellee to bring his suit within three years and offer to file a meri-torious defense as provided in section 657 of chapter 25, *supra,* of Kirby's Digest. That section does not have reference to any person who within seven years preceding had paid the taxes on the land but refers to other parties. *Hargis* v. *Lawrence,* 135 Ark. 321.

To obtain the relief which appellee sought by this action it was only necessary for him to prove that he had paid the taxes within seven years preceding the filing by Benson of the petition for confirmation and that appellee was not made a party defendant to that suit and that he had no notice of the action by summons or by the publi-cation of a warning order issued and directed against him.

The appellee made such proof. Therefore, the de-cree of confirmation in favor of Benson rendered by the chancery court of Arkansas County was absolutely null and void as to the appellee; and the trial court was cor-rect in so declaring. The court was also correct in can-celing the deeds conveying title derived from the con-firmation decree.

The decree is in all things, therefore, affirmed.