Union Sawmill Company *v.* Rowland.

Opinion delivered November 19, 1928.

*Gaughan & Sifford,* for appellant.

*Patterson & Rector,* for appellee.

Smith, J. On September 30, 1916, W. G. Grace executed to J. A. Rowland a deed conveying the oil, gas and minerals in and under a certain forty-acre tract of land, together with other lands, in Union County. This conveyance was duly recorded. On June 16, 1919, Grace conveyed this and other land, without reservation or exception, to the Union Sawmill Company, hereinafter referred to as the company, and thereafter all taxes were paid on the land by the company. Rowland did not at any time assess the mineral rights or pay taxes thereon. On March 3, 1920, a decree was rendered by the chancery court of Union County confirming the title of the company. This decree deraigns the title of Grace to the land which he conveyed to the company, and professes to quiet and confirm it. Thereafter the company received information that Rowland was claiming title to

the oil, gas and minerals in and under the land in question, and this suit was brought by it to quiet its title to the land, including the oil, gas and minerals, against Rowland.

The complaint praying that relief exhibited the confirmation decree, and alleged that Rowland's interest in the land was unknown at the time the confirmation decree was rendered.

An answer was filed by Rowland, alleging the prior conveyance to him by Grace of the oil, gas and minerals, by a deed which was duly of record when the deed from Grace to the company was executed. It was alleged that, as the deed to Rowland was in the company's chain of title, the company was charged with knowledge thereof, yet Rowland, who was a resident of Union County, was not made a party to the proceeding except by the publication of the confirmation notice. The answer alleged therefore that the decree was void as to the defendant Rowland.

A demurrer to this answer was overruled, and, as the plaintiff company refused to plead further, its complaint was dismissed, and this appeal is from that decree.

Section 8363, C. & M. Digest, provides that the owner praying confirmation of his title shall file in the office of the clerk of the chancery court a petition, describing the land and stating facts which show a *prima facie* title in the petitioner, and that, "if the petitioner has knowledge of any other person who has or claims to have interest in such lands, the petitioner shall so state, and such person or persons shall be summoned as defendants in the case."

The pleadings in the case do not allege that the company had any knowledge of Rowland's title, except the constructive notice arising out of the fact that Rowland's deed was in its chain of title and was duly recorded. The question presented for decision is therefore whether the plaintiff company had such knowledge of Rowland's title as required it to make him a party to the proceeding by summoning him as a defendant.

The court below held that it had, and we concur in that holding.

It must be remembered that the purpose of the confirmation statute is to quiet titles, and for one to be entitled to invoke the benefit of the statute he must make a showing of a *prima facie* title in himself, and to do so necessarily involves some investigation of the title of record. It is a well-recognized principle of the law of conveyancing that one is charged with notice of all conveyances appearing in the line of his title, and the deed to Rowland was from the same grantor who conveyed to the company, and Rowland's deed was of record when the conveyance to the company was made.

The statute (§ 8363, C. & M. Digest) provides that if the petitioner has knowledge of an adverse claimant he shall cause such person to be summoned as a defendant. We think the word "knowledge," as here employed, was used in the sense of notice, so that if a petitioner has knowledge, or notice from which knowledge will be imputed, of an adverse claimant, that claimant must be made a party, failing which he is not bound.

The case of *Fulcher* v. *Dierks Lbr. & Coal Co.*, 164 Ark. 261, 261 S. W. 645, involved the question of constructive notice of an outstanding easement, and it was there said that a purchaser had to take notice of all prior recorded instruments in the line of his purchased title, and that one could not claim to be an innocent purchaser as against a recorded instrument appearing in the chain of his title.

So here the recorded mineral deed to Rowland was in the company's chain of title, and the company could not therefore claim to be an innocent purchaser as against it, as notice thereof was imputed to it, and it should therefore have made Rowland a defendant, and, as this was not done, it was correctly held by the court below that Rowland was not bound, and that decree is affirmed.