WELCH *v.* BURTON.

4-9901                               252 S. W. 2d 411

Opinion delivered November 10, 1952.

*D. H. Crawford* and *Wood & Smith,* for appellant.

*McMillan & McMillan* and *Thomas B. Keys,* for appellee.

WARD, J. About the year 1912 one C. O. Burton, Sr. became the owner of twenty acres of land a few miles north of Arkadelphia. The land was divided by Highway No. 7 running north and south. Burton, Sr., his wife and four children lived on the land as a homestead until he died in 1927, and thereafter the widow and children remained there for about fifteen months. Then the family moved away, the widow died, and the three

daughters' whereabouts became unknown for many years. However, the other child, C. O. Burton, Jr., continued to live in the community until he was a grown boy, and then was away several years, part of which time he spent in the Army.

In 1930 Burton, Jr., one of the appellees, rented this land to Welch, one of the appellants, but the terms and circumstances are in dispute. Burton Jr. paid the taxes until 1934 when it became delinquent and Welch arranged for his son-in-law to buy the land from the State which he did in 1939, but deeded it to Welch in 1946. In 1947 Welch brought suit to confirm title, but got no service on any of the appellees. Soon after the decree of confirmation Welch platted and improved the land by building houses thereon. All contentions regarding the land west of the road have been compromised and settled, and that part of the land is not involved here. In 1948 Welch built two houses east of the road and sold one of them to Hunnicutt in 1951. The year before, 1950, Welch secured a deed from Willie Jean Lighty, one of the four children, conveying to him her one-fourth interest in all the land. This suit was brought by the other three children of C. O. Burton, Sr. asserting their undivided three-fourths interest in said lands and asking the Court to set aside the confirmation decree of 1947, to quiet their title to an undivided three-fourths interest, and to appoint commissioners to make partition. Appellants Welch and his wife answered and pleaded the confirmation suit and adverse possession, and also that appellees were estopped by the actions of Burton, Jr. in leading them to believe he and his sisters had no interest in the land. Appellants Hunnicutt and his wife pleaded good faith and asked to be protected from loss. The Federal National Mortgage Association was made a party to the suit because it held a mortgage on part of the lands, and they entered a demurrer on the grounds (a) that the court is without jurisdiction to try title and partition in the same suit, and (b) the 1947 confirmation decree could not be set aside, after lapse of term, without complying with Ark. Stats. § 29-508. The record shows

this demurrer was overruled, but error is not urged in the briefs.

We think the trial court was correct in cancelling the 1947 confirmation decree. Ark. Stats. § 34-1902 is applicable and controlling in this instance, the last portion of which reads as follows:

" and if the petitioner has knowledge of any other person who has or claims to have an interest in such lands, the petitioner shall so state, and such person or persons shall be summoned as defendants in the case." In the petition for confirmation of title which Welch filed in 1947 he did not make any of the children of C. O. Burton, Sr. parties defendants and he did not serve any of them, although the record is clear that he did have knowledge of them and their interest. Even though the whereabouts of the three daughters was not known to Welch, he did know of their existence and should have had them made defendants and served as in the case of non-residents. In the case of Burton, Jr. it appears that he might have gotten personal service on him by the exercise of diligence. It is contended that appellees are bound by the 1947 confirmation decree because they did not within three years bring this suit to vacate as provided in Ark. Stats. 34-1910. The answer to this is that said section is not applicable in instances where section 34-1902 is not followed. It was so held in *Union Sawmill* v. *Rowland,* 178 Ark. 372, 10 S. W. 2d 858, and *Hargis* v. *Lawrence,* 135 Ark. 321, 204 S. W. 755.

A suit brought, as this one, to set aside a confirmation decree is not a collateral but a direct attack. *Quertermous* v. *Bilby,* 144 Ark. 98, 221 S. W. 856, and *Grayling Lumber Co.* v. *Tillar,* 162 Ark. 221, 258 S. W. 132.

In addition to the confirmation suit Welch defended on the ground of adverse possession and estoppel. The chancellor held against him on both grounds and we cannot say his holding was against a preponderance of the evidence. The defense of adverse possession must fail if the defense of estoppel fails. The defense of estoppel rests on disputed testimony and, as stated above, we

are unwilling to say the chancellor found against the preponderance of the evidence. Welch states that he had no deal with Burton Jr. to rent his land or to keep the taxes paid during the years Burton Jr. was absent. On the other hand Burton Jr. is positive that he did. The testimony of other witnesses and certain circumstances seem to give more corroboration to Burton Jr.'s position in the matter. This determination having been made, Welch, of course, could not assert a claim of adverse possession.

### Betterments

In view of what has been said, we must agree with the chancellor that Welch was not entitled to betterments for improvements placed on the lands. It can not be said, in view of our factual determination above, that he acted in good faith as the law contemplates in such instances. Likewise, we agree that Hunnicutt, having bought from Welch after the improvements [all except $100] had been made, is in no better position to claim betterments than is Welch. The statute governing betterments is Ark. Stats. 34-1423, and runs in favor of anyone believing himself to be the owner. This has been interpreted to refer to anyone who acts in good faith and our cases define good faith, and places the burden of proof on the claimant. *Greer* v. *Fontaine*, 71 Ark. 605, 77 S. W. 56. In *Beard* v. *Dansby*, 48 Ark. 183, 2 S. W. 701, it was said that good faith consists of ''an honest belief and an ignorance that any other person claims a better right to the land.'' Here it is not denied that Welch knew of the heirship of the children of Burton Sr. and, accepting the finding of the chancellor as we do on the factual situation, we must also conclude that Welch must have known they had a better right to the land than he had.

It is insisted by the Federal National Mortgage Association, in an effort to protect its security, that Hunnicutt and Welch are entitled to betterments for two reasons: (a) Welch was a co-tenant with appellees, and (b) this is a suit for partition. It is true that Welch

bought the one-fourth undivided interest of one of the children and thereby became a co-tenant with the others. But it is also true that all improvements were made before that relationship was established. *Dunavant* v. *Fields,* 68 Ark. 534, 60 S. W. 420, *Swift* v. *Swift,* 121 Ark. 197, 108 S. W. 742, and *Bowers* v. *Rightsell,* 173 Ark. 788, 294 S. W. 21, cited by appellant, are authority that a co-tenant may recover for betterments in an action for partition by one of the co-tenants, but in each instance the improvements were made after that relationship came into existence. The lower court gave the loan company the right of subrogation to the claim of Hunnicutt against Welch on his warranty and also a lien on the proceeds of the sale of Welch's one-fourth interest in the premises. This is all the loan company is entitled to receive.

Affirmed.

The Chief Justice did not participate in the determination of this case.