SIDNEY M. HALL ET UX *v.* JULIA JEANETTE
BLANFORD

73-37                                    494 S.W. 2d 714

Opinion delivered May 28, 1973

*Dan Orr* and *Hodges, Hodges & Hodges,* for appellants.

*Harkey & Walmsley,* for appellee.

CONLEY BYRD, Justice. Appellants Mr. and Mrs. Sidney M. Hall brought this action against appellee Julia Jeanette Blanford to vacate and set aside a confirmation of title decree rendered in favor of appellee pursuant to Ark. Stat. Ann. § 34-1901 (Repl. 1962), et. seq. Upon motion of appellee, the Chancellor dismissed appellants' complaint on the ground that it constituted a collateral attack. Hence this appeal.

Appellants did not follow Ark. Stat. Ann. § 34-1910 (Repl. 1962), in seeking to set aside and vacate the confirmation decree in favor of appellee but filed a separate action in which they alleged that the confirmation decree rendered on July 21, 1971, in favor of appellee was only upon publication of warning order notifying anyone claiming any interest in the land to appear within thirty days. The complaint further alleged:

"(c) That the said Sidney M. Hall and Quanita Hall, plaintiffs herein, have claimed the land continuously, openly, exclusively, notoriously, and adversely since July 7, 1946, and that they have paid the taxes on same every year for the past twenty-five (25) years.

"(d) That plaintiffs were not notified of the pendency of this suit even though the defendant knew that they claimed title to the land and also knew the address of the above plaintiffs and could have notified them personally of the pendency of said suit or by appointing an attorney ad litem to notify them."

In *Welch* v. *Burton,* 221 Ark. 173, 252 S.W. 2d 411 (1952), *Hensley* v. *Phillips,* 215 Ark 543, 221 S.W. 2d 412 (1949), *Union Sawmill Co.* v. *Rowland,* 178 Ark. 372, 10 S.W. 2d 858 (1928), and *Grayling Lumber Co.* v. *Tillar,* 162 Ark. 221, 258 S.W. 132 (1924), we held that where a known claimant or one who had paid taxes thereon within seven years is not made a party defendant to a quiet title action, that party, or those claiming under him, can set aside and vacate in a separate action the decree of confirmation. Those cases also point out that

the attack in such a case is a direct attack on the decree of confirmation. See also Ark. Stat. Ann. § 34-1902 and § 34-1909 (Repl. 1962).

Reversed and remanded.