Emma HURST v. Ray Hullen RICE et al

82-164                                              643 S.W.2d 563

Supreme Court of Arkansas
Opinion delivered December 20, 1982

*Daily, West, Core, Coffeman & Canfield,* by: *Ben Core,* for appellant.

*Swindell & Bradley,* by: *Benny E. Swindell,* for appellees.

ROBERT H. DUDLEY, Justice. Both parties to this appeal claim forty acres of mineral rights in Johnson County. Gas and coal are now at stake.

In 1919 Rebecca Rogers Smith deeded her dower interest in the land to W. A. Hill. In 1920 he conveyed his interest in the surface "with all coal and mineral reserved, all right to mine, strip or enter and remove any and all coal is reserved." Appellees, the Hills, claim their title to the minerals through W. A. Hill. The mineral rights were not properly subjoined with the surface rights on the tax books in the years material to this appeal and, in 1929, the "Mineral Titles" in the name of W. A. Hill were forfeited for non-payment of the 1926 taxes.

Appellant, Emma Hurst, claims title to all minerals by virtue of a State mineral tax deed obtained by her husband in 1930 for non-payment of the 1926 tax on minerals. The tax deed was confirmed in 1938 in an ex parte proceeding.

In 1966, appellant, Emma Hurst, leased her interest to a drilling company as did others. Various leases were then pooled and unitized into a drilling unit and producing gas wells were drilled. In 1967 the producing gas companies filed a suit asking for a declaratory judgment between the parties to this appeal, and others, to determine ownership of the oil and gas and entitlement to royalties. After both parties to this appeal had answered, the trial court in 1967 decreed that appellant, Emma Hurst, and her husband, since deceased, "were the owners of oil and gas in and under" the tract.

In 1981 appellant, Emma Hurst, filed a petition to quiet title to the oil, gas and other minerals. She alleged that coal was being removed pursuant to a lease with the owner of the surface lands. The defendant removing the coal and the

defendants owning the surface lands were dismissed without prejudice and are not parties to this appeal.

The trial court held: (1) the 1967 decree decided only that appellant Hurst was entitled to oil and gas royalties that would accrue from the wells then producing; (2) the tax deed and confirmation, under which appellant claims, were invalid; and (3) the title to all coal, gas, oil and other minerals is owned by the heirs of W. A. Hill, under the mineral reservation, subject only to the right of appellant Emma Hurst to receive royalties from the then producing wells. Only Emma Hurst appeals. There is no cross-appeal.

Appellant first contends that the chancellor erred in interpreting the 1967 decree to establish in her only a right to receive a royalty on the wells then producing. We agree. Both of the parties to the present action were before the court in 1967, ownership of the oil and gas was at issue and there was a final adjudication on the merits. That judgment decreed that appellant and her husband were "the owners of the oil and gas in and under the lands described. . . . " After that term of court lapsed, the trial court lost jurisdiction to modify the judgment except for grounds which are not applicable to this case. Ark. Stat. Ann. § 29-506 (Repl. 1962), *superseded by* ARCP Rule 60. The time to modify has passed. There was no appeal. The time to appeal has passed. The matter of ownership of the oil and gas is now res judicata. As we stated in *Wells* v. *Heath,* 269 Ark. 473, 602 S.W.2d 665 (1980):

> The doctrine of res judicata is accepted as a rule of inflexible absolute law in practically every jurisdiction. If the judgment is entitled to res judicata, it is conclusive as to the cause of action involved no matter how "unfair" or "patently erroneous" it may now seem to the court examining the judgment. 65 Harv. L.R. 818. There must be an end to litigation at some point; and, if there has been one fair trial on the merits of a case, that is all that is required.

Thus, the trial court erred in modifying the 1967 decree. The distinction between the 1967 decree and the 1982 decree

is significant. The 1967 decree gave appellant ownership of the oil and gas but the 1982 decree modified that ownership to a right to royalty from a lease. Appellant's award under the 1967 decree gave her the incidents of ownership of oil and gas including the right to sell the same, to explore for and develop the minerals, to lease for exploration and development, to receive income therefrom in the form of delay rentals and royalties either for shut-in or production, to pass by will or inheritance and to occupy as much of the surface as is reasonably necessary for mining and drilling purposes. H. Williams & C. Meyers, Oil & Gas Law § 301 (1981). However, under the 1982 decree the rights of appellant were modified and appellant was held to possess a right only to receive payment of royalties from all wells producing in 1967. Thus, appellant would have only a right of contract to receive a payment based upon production under a lease and nothing more. Appellant's interest would terminate when the lease terminated. *Id.* §§ 302 and 303; *see also, Hickman, Oil and Gas — Partition — Interest of Lessee,* 11 Ark. L. Rev. 186 (1957).

The decree now on appeal is modified to reflect that the appellant is the owner of the oil and gas.

The 1967 decree was the result of a suit for a declaratory judgment filed by the production companies. It involved only the ownership of oil and gas. It did not involve title to the coal and other mineral rights. In the 1982 decree now before us the appellees, as heirs of W. A. Hill, were held to be owners of the coal and other minerals. We affirm.

The claim of appellant, Emma Hurst, to the coal and mineral rights is based on the mineral tax deed. The mineral assessments for the year of the tax forfeiture were not subjoined to the assessments of the surface rights. For a mineral estate assessment to be valid, the mineral estate listing on the tax books must be subjoined to the surface estate. *Adams* v. *Bruder,* 275 Ark. 19, 627 S.W.2d 12 (1982). Therefore, the State mineral tax deed was void. The 1938 ex parte attempt to confirm the tax title did not constitute an adjudication against W. A. Hill because he was not made a party to that action and his reservation of mineral rights was

of record. One seeking confirmation of a mineral title has constructive knowledge of a previous deed of record and is required to make that prior deed holder a party to the proceeding if the prior deed holder is to be bound. *Union Sawmill Co.* v. *Rowland,* 178 Ark. 372, 10 S.W.2d 858 (1928).

Appellant Emma Hurst also claims that she has been in adverse possession of the minerals. A void mineral tax deed can be sufficient color of title for the purpose of determining title by adverse possession. *Skelly Oil Co.* v. *Johnson,* 209 Ark. 1107, 194 S.W.2d 425 (1946). However, to constitute adverse possession of constructively severed minerals, there must be a continuous user of the minerals for the statutory period. Even a sporadic user is not sufficient. *Skelly Oil Co.* v. *Johnson, supra,* citing *Claybrooke* v. *Barnes,* 180 Ark. 678, 22 S.W.2d 390, 67 A.L.R. 1436 (1929). Appellant's only proof about mining was that "way back there" some people "around town went there and dug holes as they call them and got some [coal] out to burn." Such limited use is not sufficient to start the running of the statute of limitations. *See, e.g.,* H. Williams & C. Meyers, Oil & Gas Law § 224.4 n.6 (1981). There was no showing that the appellees or their predecessors in title were put on notice of a claim of adverse possession of all minerals by appellant. *Laney* v. *Monsanto Chemical Co.,* 233 Ark. 645, 348 S.W.2d 826 (1961). *See also, Brizzolara* v. *Powell,* 214 Ark. 870, 218 S.W.2d 728 (1949), *discussed in* H. Williams & C. Meyers, Oil & Gas Law § 224.4 (1981). In addition, appellant contends that she has been drawing gas royalty for fifteen years and this production constitutes adverse possession for all minerals. We decline to so hold. Such a claim from gas production goes to the gas only and the drilling and production of a gas is not adverse to the mining or stripping of coal, a solid mineral. We need not decide if drilling and producing a gas or other liquid mineral is ever adverse to the drilling of any solid mineral. Nor need we decide whether the mining of one solid mineral is adverse to that mineral alone or to the mining of all other minerals. Likewise, we do not decide whether the mining or producing of one mineral will be treated as adverse to all minerals when a claim is made to all minerals. *See* H. Williams & C. Meyers, Oil & Gas Law § 224.4 (1981). We affirm the trial court's holding that appellant, Emma Hurst,

does not hold title to the coal and other minerals, other than oil and gas, by virtue of the 1967 decree, the State mineral tax deed or adverse possession.

In 1919 W. A. Hill purchased the dower interest of Rebecca Rogers Smith in the land. In 1920 he conveyed his interest in the surface "with all coal and mineral reserved, all right to mine, strip or enter any and all coal is reserved." Although there is no testimony by or about those grantors or grantees, the Hill deeds are abstracted in a properly certified abstract of title. The abstract is prima facie evidence of the facts recited in it. Ark. Stat. Ann. § 71-111 (Repl. 1979). Thus the trial court was correct in ruling that appellee's claim based upon the reservation must prevail as between these parties.

In oral argument appellant Emma Hurst pointed out that appellees, the alleged heirs of W. A. Hill, have failed to prove that he is dead or that they are his heirs. While such proof is lacking, it does not affect appellant's title in this case. If W. A. Hill is in fact deceased, a determination of heirship may be had, but that issue is not now before us. All that is before us is whether the claim based on the reservation in W. A. Hill prevails as between appellant and appellees.

Appellant Emma Hurst also contends that the trial court erred in dismissing without prejudice the claim of appellees Rice to the coal. Since we affirm the ruling that appellant Emma Hurst owns no rights to the coal, the issue is moot to appellant. Appellees do not question the dismissal and therefore we do not address the point.

Affirmed as modified.

PURTLE, J., not participating.