Ray GILBREATH *v.* UNION BANK, Successor Trustee of
the Catherine C. Morgan Trust

92-52                                              830 S.W.2d 854

Supreme Court of Arkanas
Opinion ·delivered May 11, 1992

*Walters Law Firm, P.A.*, by: *Michael Hamby*, for appellant.

*Daily, West, Core, Coffman & Canfield*, by: *Janice West Whitt*, for appellee.

ROBERT L. BROWN, Justice. This appeal relates to the validity of five tax deeds granted to the appellant, Ray Gilbreath, for mineral interests in land located in Sebastian County. The chancery court entered summary judgment, setting aside a decree which quieted title in those interests in the appellant. The appellant now appeals and asserts error on grounds a) that the Trustee was procedurally foreclosed from attacking the decree, and b) that the chancery court erred in finding the tax deed void. We disagree, and we affirm the chancery court's decision.

The facts are somewhat involved. On August 31, 1970, Catherine C. Morgan, a California resident, deeded the mineral interests in question to herself as trustee of the Catherine C. Morgan Trust. She was not the owner of the surface rights, and the surface rights were not involved in this litigation. On October 12, 1978, Morgan died, and California First Bank (now Union Bank) was named successor trustee by the California Superior Court. On July 27, 1981, California First Bank (now Union Bank), as Trustee, executed an oil and gas lease in favor of Stephens Production Company covering part of the mineral interests in question. This lease was recorded in the Sebastian County Circuit Clerk's office on October 31, 1981, but the deed indexes did not reflect that the lessor bank was leasing the mineral interests to Stephens in its capacity as Trustee. The mineral interests were not subjoined to the surface interests for assessment purposes in 1981.

Real estate taxes were not paid on the mineral interests in 1981, and those interests were declared to be delinquent and forfeited to the state that same year. In November 1982, the appellant bought the mineral interests at a tax sale conducted by the Sebastian County Sheriff, and on January 11, 1985, the Sebastian County Clerk granted five tax deeds to him for the mineral interests which he duly recorded on January 14, 1985.

On May 13, 1985, the appellant filed a petition to quiet title for the mineral interests and named as defendants Catherine C. Morgan, both individually and in her capacity as trustee, and all

other persons, known and unknown, who claimed any interest in the mineral rights. That same day an affidavit for warning order was executed by the appellant, which gave Morgan's last known address but did not state that her whereabouts was unknown. Also on May 13, 1985, the Sebastian Chancery Clerk issued a Notice of Quiet Title Action for publication as the warning order. On May 17, 1985, an appointed attorney ad litem sent a letter to Morgan's last known address in California which was returned unclaimed on June 18, 1985. When no response resulted, a decree quieting title to the mineral interests in the appellant was entered on July 22, 1985.

Four years later, on July 24, 1989, the Trustee filed an action to set aside the quiet-title decree on grounds that the appellant's tax deeds were void because the 1981 assessments of the mineral interests were not subjoined to those of the surface owners. An additional ground for relief was the failure to serve the Trustee, as owner of the mineral interests. The Trustee asked the court to set aside the quiet title decree and for repayment of the royalties paid to the appellant. The Trustee also moved for summary judgment. On July 2, 1991, the chancery court granted the Trustee the relief requested and entered summary judgment in its favor.

■ The pivotal issue in this case is whether the failure of the Sebastian County Assessor to subjoin assessments of mineral interests to assessments of surface interests in 1981 rendered the resulting tax deeds void. We hold that it did. Our law at that time was clear that the failure to subjoin the assessment of mineral interests did void subsequent tax deeds for those interests purchased at tax sales. *Garvan* v. *Potlatch Corp.*, 278 Ark. 414, 645 S.W.2d 957 (1983); *Hurst* v. *Rice*, 278 Ark. 94, 643 S.W.2d 563 (1982); *Adams* v. *Bruder*, 275 Ark. 16, 627 S.W.2d 12 (1982); *Sorkin* v. *Meyers*, 216 Ark. 908, 227 S.W.2d 958 (1950). We are aware that the General Assembly passed legislation, effective April 15, 1985, to permit separate assessments for severed mineral interests, but that was long after the 1981 assessments which are at issue in this case. *See* Act 961 of 1985, now codified as Ark. Code Ann. § 26-26-1112 (1987). Accordingly, the chancery court was correct in its decision, and the tax deeds were void from date of the 1981 assessments due to failure to subjoin.

■ The appellant further contends that the Trustee was

foreclosed under Ark. R. Civ. P. 60(k) from coming into court more than ninety days after the quiet-title decree and contesting the validity of that decree. We hold otherwise on the basis that the Trustee, as the owner of the mineral interests, was never appropriately notified by personal service or warning order of the appellant's lawsuit to quiet title and should not be bound by that decree. *See Hurst* v. *Rice, supra.* The Trustee was entitled to have its day in court and to raise the subjoinder issue, especially in light of the language in Ark. R. Civ. P. 60(k) which specifically provides that the rule does not limit the power of the court to entertain an independent action to relieve a party from a judgment when that party was not served personally with process.

It is undisputed that the Trustee was not personally served. Nor was it constructively served according to procedures required under Ark. R. Civ. P. 4(f)(1). Rule 4(f)(1) reads in part:

> (1)　Where it appears by the affidavit of a party or his attorney that, after diligent inquiry, the identity or whereabouts of a defendant remains unknown, service shall be by warning order issued by the clerk and published weekly for two consecutive weeks in a newspaper having general circulation in a county wherein the action is filed and by mailing a copy of the complaint and warning order to such defendant at his last known address, if any, by any form of mail with delivery restricted to the addressee or the agent of the addressee.

Here, the affidavit of the appellant did not state that, after making diligent inquiry, Catherine C. Morgan's whereabouts was unknown which is a condition in the rule for the warning order's issuance.

Comment 12 to Rule 4(f)(1) explains the burden that a party must meet to avail himself of service by publication:

> The burden is on the party attempting service by publication to attempt to locate the missing or unknown defendant. Such party or his attorney is required to demonstrate to the court, by affidavit or otherwise, that after diligent inquiry, the defendant's identity or whereabouts remains unknown.

That burden was simply not met in this case. The appellant filed

his petition to quiet title in the mineral interests on May 13, 1985, and on that same day filed an affidavit for a warning order which said:

That he has made diligent inquiry and that it is his information that the defendant, Catherine C. Morgan, Individually, and Catherine C. Morgan, Trustee, is a nonresident of the State of Arkansas . . . .

The appellant then listed Morgan's last known address in California. Also, on May 13, 1985, the Sebastian County Chancery Clerk issued the warning order. Four days later, on May 17, 1985, the attorney ad litem for Catherine C. Morgan sent a certified letter to her California address which was returned unclaimed on June 18, 1985.

■ Where no diligent inquiry is made under rule 4(f)(1), we have affirmed dismissal of a complaint for improper service of process. *See Horne* v. *Savers Federal Savings & Loan Ass'n*, 295 Ark. 182, 747 S.W.2d 580 (1988); *Smith* v. *Edwards*, 279 Ark. 79, 648 S.W.2d 482 (1983). It is obvious in the case before us that the requisite inquiry was not made because the appellant did not conclude in his affidavit that the location of Catherine Morgan was unknown. Accordingly, we hold that the appellant's affidavit for a warning order is facially defective under Rule 4(f)(1).

To summarize, because there was no subjoinder of mineral interests to surface interests in the tax assessments in 1981, the five tax deeds granted the appellant in 1985 were void. Further, because the affidavit for warning order was deficient on its face under Rule 4(f)(1), constructive service by publication was not effective against the Trustee. Our decision on these points make it unnecessary to reach the other issues raised by the appellant.

■ The Trustee moves for costs totaling $329.75 occasioned by preparation of a supplemental abstract which it deemed necessary for consideration of the appeal. While the pleadings and discovery requests abstracted by the Trustee were helpful on appeal, we do not consider that they were necessary under Ark. Sup. Ct. R. 9(d) for our understanding of the issues presented. The motion for costs is denied.

Affirmed. Trustee's motion for costs denied.