John P. VERKAMP and Darla Verkamp *v.*
FLOYD E. SAGELY PROPERTIES, LTD., and XTO Energy, Inc.
(formerly known as Cross Timbers Operating Company)

CA 06-85                                    238 S.W.3d 619

Court of Appeals of Arkansas
Opinion delivered August 30, 2006

*Walters Law Firm*, by: *Dianna Hewitt Ladd*, for appellants.

*Hardin, Jesson & Terry, PLC,* by: *Robert M. Honea,* for appellees.

JOSEPHINE LINKER HART, Judge. This appeal is from an order of the Franklin County Circuit Court which, according to appellants John and Darla Verkamp (collectively, Verkamp), set aside a 1976 decree quieting title to both the surface and the mineral interests in Verkamp's predecessors in title.[1] On appeal, Verkamp raises two points: first, the trial court erred in not applying the three-year statute of limitations found in Ark. Code Ann. § 18-60-510 (Repl. 2006); and second, the trial court erred in setting aside the prior decree without any evidence that the prior decree was based on insufficient evidence. We reverse and remand.

Verkamp is the record owner of certain real estate located in Franklin County, Arkansas. Appellee Floyd E. Sagely Properties, Ltd. (Sagely), is the operator of a gas well located within the same section as Verkamp's property. In November 1997, Verkamp entered into an oil-and-gas lease with Sonat Exploration, the predecessor in interest to appellee XTO Energy, Inc.

In September 2002, Verkamp filed suit pursuant to Ark. Code Ann. §§ 15-74-603, -604 (Repl. 1994) seeking payment of royalties from Sagely. The complaint alleged that Verkamp owned both the surface and the mineral interests in the property and that Sagely was not paying the royalties to Verkamp. The complaint also sought a declaratory judgment determining that Verkamp held title to the mineral rights for the property. Sagely and XTO answered, denying the material allegations of the complaint and asserting that Verkamp had failed to join all necessary parties.

Both parties moved for summary judgment. In their brief in support of the motion, Sagely and XTO argued that the 1976 quiet-title decree could not, as a matter of law, vest title to the mineral interests in Verkamp. Also attached to the brief was a December 1998 title opinion by attorney J.H. Evans (now deceased) in which he opined that the quiet-title decrees were erroneous because they were based on adverse possession of the

---

[1] Appellees assert that there is also a 1977 quiet-title decree involving some of the same heirs as the 1976 case and that it is relevant to this case. Verkamp disputes the relevance of the 1977 case. For simplicity, we use the term 1976 case to refer to both the 1976 and 1977 cases.

mineral interests.[2] Evans's title opinion, however, was not under oath, which is a prerequisite for proof submitted in support of, or opposition to, a motion for summary judgment under Rule 56. In his motion for summary judgment, Verkamp argued that the three-year statute of limitations found in Ark. Code Ann. § 18-60-510 barred the challenge to the 1976 quiet-title decree. Apparently, there was no hearing on the motions for summary judgment. The trial court, without explanation, granted Sagely and XTO's motion and denied Verkamp's motion. This appeal timely followed.

On appeal, Verkamp raises two issues: first, the trial court erred in not applying the three-year statute of limitations; and second, the trial court erred in setting aside the 1976 quiet-title decree without any evidence establishing that the prior decree was based on insufficient evidence.

The supreme court stated our standard of review for a summary judgment in *Hisaw v. State Farm Mutual Automobile Insurance Co.*, 353 Ark. 668, 122 S.W.3d 1 (2003):

> [S]ummary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. After reviewing undisputed facts,

---

[2] He also opined that there were probably 75 to 100 people with an interest in the mineral rights to the subject property. Evans also concluded that the 1976 and 1977 quiet-title decrees were ineffective as to the mineral interests because service was had only by publication of a warning order and there was no personal service on Hazell Dell Grissom, one of the heirs of the original owner. Evans further stated that many of the heirs conveyed their interests to Irene Williford as trustee before Williford conveyed the interests back. Evans also noted that Williford made later conveyances in the early 1980s.

summary judgment should be denied if, under the evidence, reasonable men might reach different conclusions from those undisputed facts.

353 Ark. at 676, 122 S.W.3d at 4 (internal citations omitted in original).

Although Sagely and XTO sought to dismiss the complaint for Verkamp's failure to name necessary parties, the real issue is the validity of the 1976 quiet-title action. If the quiet-title decree is valid, there are no other parties necessary for this litigation to proceed. Appellees did not specifically ask the court to set aside the earlier decree but instead asserted that the 1976 decree was void. Further, Sagely did not tender the disputed royalties into the registry of the court or join the other individuals whom it asserts may have an interest in the mineral rights. An interpleader of the royalties into the registry of the court is the course of action set out in Ark. Code Ann. § 15-74-604(d) (Repl. 1994), which would relieve Sagely of the fear of being subjected to double payments of royalties. Sagely, as admitted in its response to a request for admission, is only a stakeholder.

■ Citing *Hall v. Blanford*, 254 Ark. 590, 494 S.W.2d 714 (1973); *Welch v. Burton*, 221 Ark. 173, 252 S.W.2d 411 (1952); and *Union Sawmill Co. v. Rowland*, 178 Ark. 372, 10 S.W.2d 858 (1928), appellees argue that Ark. Code Ann. § 18-60-510, the three-year statute of limitations, does not apply to known heirs who were not made parties to the earlier quiet-title suit. Those cases construed what is now Ark. Code Ann. § 18-60-508(b), which provides:

> The decree in the cause shall not bar or affect the rights of any person who claims through, under, or by virtue of any contract with the petitioner, or who was an adverse occupant of the land at the time the petition was filed, or any person who within seven (7) years preceding had paid the taxes on the land, or a remainderman unless the person shall have been made a defendant in the petition and personally summoned to answer it.

However, appellees fail to show how any potential claimant comes within the reach of section 18-60-508(b). Likewise, appellees do not identify any individual whom they claim is seeking royalties as an owner or show that a predecessor in title adverse to Verkamp's ownership was known but not named in the 1976 quiet-title action.

Without such a showing, it was error to grant summary judgment for appellees. Our supreme court has held that summary judgment is inappropriate where factual development of a crucial issue is lacking. *See Spears v. City of Fordyce*, 351 Ark. 305, 92 S.W.3d 38 (2002); *Waire v. Joseph*, 308 Ark. 528, 825 S.W.2d 594 (1992). In other words, appellees fail to provide any requisite proof that would entitle them to litigate the validity of the 1976 quiet-title decree. Without such proof, section 18-60-510's limitations period would apply and appellees' claim is merely a collateral attack on the 1976 decree. A confirmation decree rendered pursuant to Ark. Code Ann. §§ 18-60-501 through 511 is immune from collateral attack, except for jurisdictional defects apparent on the face of the record. *Champion v. Williams*, 165 Ark. 328, 264 S.W. 972 (1924); *Kulbeth v. Drew County Timber Co.*, 125 Ark. 291, 188 S.W. 810 (1916).[3]

We are mindful of the supreme court's decision in *Gilbreath v. Union Bank*, 309 Ark. 360, 830 S.W.2d 854 (1992), which appellees relied upon in support of their argument that the earlier quiet-title decree was defective. However, we believe *Gilbreath* is inapposite. In that case, the supreme court held that a trustee holding record title to the mineral interests was not properly served with process where the affidavit for a warning order did not conclude that, after making diligent inquiry, the trustee's whereabouts were unknown. *Gilbreath* is inapplicable to the present case because, in the 1976 quiet-title action, the affidavit for warning order named Hazell Dell Grissom the only known potential heir of Newton Temple, and stated that her whereabouts were unknown. Also, the attorney ad litem mailed a letter, together with a copy of the quiet-title petition, to her by certified mail, but the letter was returned unclaimed and address unknown. The quiet-title decree contains findings that service was proper, and Sagely has not presented specific proof to the contrary, only having made assertions that there are unspecified heirs of Newton Temple who should have been named. In *Gilbreath*, it was the party who had not received notice who challenged the validity

---

[3] However, such a decree may be attacked directly on any meritorious ground by the filing of a petition in the original proceeding within the three-year period, or it may also be directly attacked by a plenary suit having for its specific purpose the setting aside of the decree for fundamental errors such as fraud or lack of jurisdiction, which would render the decree void ab initio. *Welch, supra.*

of the quiet-title decree, while in the present case it is the appellees, who have failed to disclose any connection with any heir, who are challenging the quiet-title decree.

We reverse and remand the trial court's grant of summary judgment.

Reversed and remanded.

NEAL and VAUGHT, JJ., agree.