DAVIS *v.* STONECIPHER.

4-9503                                                          239 S. W. 2d 756

Opinion delivered May 21, 1951.
Rehearing denied June 18, 1951.

*G. E. Snuggs,* for appellant.

*A. R. Cheatham,* for appellee.

ED. F. McFADDIN, Justice. In this suit appellees claimed to own certain mineral interests and sought to cancel appellants' tax title thereto.

Appellees alleged that A. N. Stonecipher and his co-appellees owned 1/128th interest in the minerals under one 40-acre tract (referred to as the Wingfield tract), and ⅛th interest in the minerals under another 40-acre tract (referred to as the Hicks tract). No oil or gas has been produced from either tract, so far as the evidence discloses. The appellants claim that the said mineral interest on each tract forfeited to the State in 1938 for the non-payment of the taxes of 1937, and that appellants received a deed from the State of Arkansas in 1942 for such mineral interests. From a decree cancelling their deed, appellants prosecute this appeal; and two decisive questions are presented.

I. *Validity of Appellants' Tax Title.* Regardless of other defects in the tax sale, appellants are met—at the threshold of their defense—with our holding in *Sorkin* v. *Myers,* 216 Ark. 908, 227 S. W. 2d 958.

The appellees' mineral interest in the Wingfield tract was listed on the tax books in the name of A. N. Stonecipher "1/128th interest" in the 40-acre tract, and shown as "non-producing." The appellees' mineral interest in the Hicks tract was listed on the tax books in the name of Mary E. Stonecipher[1] "⅛th interest" in the 40-acre tract, and shown as "non-producing." The names of the said owners were arranged alphabetically on the tax books, and the mineral interests were not arranged by section, township, and range, as is required for real estate. The same erroneous method—of arranging the names of the owners alphabetically, rather than arranging the land by section,

---

[1] Mary E. Stonecipher died while this suit was pending, and the cause as to her interest was revived in the name of her husband (A. N. Stonecipher) and her children, who are the appellees.

township and range—as described in *Sorkin* v. *Myers, supra,* exists in the case at bar. And our holding in *Sorkin* v. *Myers* is ruling here: the result being that the appellants' tax title is void. The mineral interests were never legally and validly assessed, so the purported sale was a nullity. Furthermore, since the minerals were (a) constructively severed from the soil by the mineral deeds, and (b) were non-producing, it follows that there was no possession of the minerals by anyone within the purview of § 34-1419, Ark. Stats. See *Skelly Oil Co.* v. *Johnson,* 209 Ark. 1107, 194 S. W. 2d 425.

II. *Appellees' Proof of Title.* Appellants urge that the appellees failed to prove any title to any mineral interests and therefore should not be allowed to maintain this suit to cancel appellants' tax deeds. The law is well established that a plaintiff must show title in himself before he will be allowed to attack the tax title of another. See *Bowles* v. *Dierks Lumber & Coal Company,*[2] 217 Ark. 892, 233 S. W. 2d 632. But we have held that in a suit to cancel a void tax deed, the plaintiff need not deraign title with the same exactness as is required in actions in ejectment or in suits to quiet title.

In *McMillen* v. *East Arkansas Investment Co.,* 196 Ark. 367, 117 S. W. 2d 724, we said of a suit to cancel a void tax deed:

"Appellees insist that the decree of the trial court must be affirmed because appellants failed to prove that they owned the land. It is true that appellees specifically denied that appellants were the owners of the land at the time of the sale thereof to the State, or that they thereafter acquired title to same, and also true that appellants did not deraign their title in their complaint or refer to a deed or other muniments of title, but they did allege ownership of the land and introduced proof to sustain the allegation."

Again, in *Cecil* v. *Tisher,* 206 Ark. 962, 178 S. W. 2d 655, we said:

"Finally appellant contends that appellees have failed to prove title to the tracts of land in question and

---

[2] See, also, cases collected in West's Arkansas Digest, "Taxation," Key No. § 796.

that in order to prove title it was necessary for appellees 'to plead and prove his title from the patent through the *mesne* conveyances down to himself.'

"Appellee, Friend, produced in evidence a warranty deed to the land in controversy executed to him by Rufus Friend and M. E. Friend on March 18, 1919. Appellee, Tisher, introduced in evidence a deed executed to him by C. O. Ward on January 7, 1940. Both deeds were recorded. Both of the appellees testified that they were the owners and in possession of the tracts of land involved and appellant offered no evidence to the contrary save the tax deeds on which he based his claims. We think this evidence sufficient to meet the final contention of the appellant."

In the light of these cases, we find that the Stonecipher title was established sufficiently to support this action to cancel the void tax deeds. Mr. Stonecipher testified that he received deed to the 1/128th interest from Wingfield, and that his wife received the deed to the ⅛th mineral interest from Hicks. While Mr. Stonecipher was thus testifying as to ownership, the following occurred:

"Mr. Cheatham: That is my contention. I have an abstract.

"The Court: That was the common source of title.

"Mr. Snuggs: If he didn't own it it has no right in here. The State sells the land.

"The Court: He is relying on the Tax Title."

When the trial court thus announced that the appellants were relying on their tax title, rather than appellees' lack of title, the appellants apparently acquiesced, because they offered no objection to the Court's remark, did not cross-examine Stonecipher as to his title, and did not object to any of his testimony. Thus the matter of appellees' title was not made an issue after the above quoted excerpt. Under this state of the record, we hold that appellees' title —if not actually conceded by appellants—passed out of the area of unproved matters.

The decree is affirmed.