STIENBARGER *v.* KEEVER.

4-9557 242 S. W. 2d 713

Opinion delivered October 15, 1951.

*J. R. Wilson, A. James Linder* and *E. B. Kimpel, Jr.,* for appellant.

*Mahony & Yocum,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellee to cancel a tax title to the leasehold interest in the oil and gas underlying 160 acres of land. This interest was sold to the State for nonpayment of taxes in 1934, and the appellant has acquired the tax title. The chancellor held the sale void and granted the relief sought by the complaint.

The appellee relies principally upon a defect in the sale similar to the defects considered in *Sorkin* v. *Myers,* 216 Ark. 908, 227 S. W. 2d 958, and *Davis* v. *Stonecipher,* 218 Ark. 962, 239 S. W. 2d 756. In those cases it was shown that severed mineral interests were listed for taxation in a separate book in the alphabetical order of the owners' names, instead of being subjoined to the corresponding surface ownerships, which are required to be arranged by section, township, and range. We held that the alphabetical listing of mineral interests is not permitted by the statutes and renders the sale void for want of power to sell.

Here, as in the earlier cases, taxes against minerals were extended in a book separate from that in which other real property was listed. But in the case at bar there was an alphabetical list for each school district instead of a single list for the entire county. The appellant argues that this circumstance distinguishes this case from the earlier decisions, for the reason that a taxpayer can more readily find the amount of taxes levied against his property when there is a distinct list for each school district. A deputy collector testified that when he was supplied at the trial with the legal description of the appellee's leasehold interest it took only two or three minutes to find the 1933 tax against the property. The process involved first a reference to the acreage tax book to ascertain the particular school district and then

a reference to the Leases and Royalties book to determine the tax.

We do not agree that the existence of alphabetical listings by school districts is enough to require a decision contrary to the previous holdings. It may be true that the taxpayer's effort to find the description of his property is made easier when the county-wide list is broken down into smaller district listings. But this fact does not answer the difficulty that led to the *Sorkin* decision. There we reasoned that an alphabetical arrangement has not been authorized by statute; on the contrary, the governing law requires that the books be made up in the order of section, township, and range. So here, the statute does not permit alphabetical lists by school districts, and the fundamental defect is not cured by the fact that one unauthorized method of assessment may be slightly better than another.

Affirmed.