226

Earl Edmond WALKER and Wilma Rose WALKER,
His Wife *v.* WESTERN GAS COMPANY, SEECO,
INC., and Arthur CURTIS, His Heirs and Assigns,
and Mrs. Arthur CURTIS, His Wife

CA 81-408                                    635 S.W.2d 1

Court of Appeals of Arkansas
Opinion delivered June 23, 1982

*Jack M. Lewis,* for appellants.

*Kathleen D. Burke* and *Benny E. Swindell,* for appellees.

TOM GLAZE, Judge. In 1923, Arthur Curtis, the common source of title, conveyed by warranty deed the surface interest in the lands in question to H. D. Strickland and reserved all "coal and minerals." By subsequent conveyances, title to the surface estate vested in appellants. Arthur

Curtis never conveyed the mineral estate, and the appellees are the heirs-at-law of Arthur Curtis and their lessees.

The constructively severed mineral estate was never assessed in the name of Arthur Curtis as required by statute, nor was the mineral interest ever subjoined to the surface rights in the tax books of Johnson County, Arkansas. The mineral interest became delinquent for nonpayment of taxes for the year 1929 and was sold to John Rinke, owner of the surface interest, in 1930. The minerals were assessed in the name of John Rinke from 1930 through 1952, when they again became delinquent and were sold to Cecelia Vardaman. Vardaman received a clerk's tax deed in 1956 and conveyed the mineral interest to Rinke in 1957. By mesne conveyances from Rinke, appellants became the owners of the lands by regular warranty deed.

Appellants sued Western Gas Company and SEECO, Inc., lessees of the Arthur Curtis heirs, for an accounting of gas taken from lands of which appellants allege that they are the owners of the mineral interest by virtue of the tax deed. Appellants also sued the heirs of Arthur Curtis, in whose name the mineral interest was reserved and severed, alleging that they were barred from asserting any claims to the mineral interest because of the statute of limitations. Ark. Stat. Ann. § 34-1419 (Repl. 1962).

Appellees, heirs of Arthur Curtis, counterclaimed for confirmation of title to the mineral interest, alleging the original tax sale was void because the mineral interest was not subjoined with the surface interest on the tax books at the time of the tax sale.

The court dismissed appellants' petition for an accounting for lack of equity and held the two year statute of limitations on filing suit to set aside tax deeds did not apply because neither the appellants nor the appellees, heirs of Arthur Curtis, had been in actual possession of the minerals.

Appellants argue on appeal that the two year statute of limitations contained in Ark. Stat. Ann. § 34-1419 runs against a void sale as well as voidable sales or regular sales.

Their reliance on *Honeycutt* v. *Sherrill,* 207 Ark. 206, 179 S.W.2d 693 (1944), is misplaced since that case did not involve severed mineral rights whatsoever. In *Honeycutt,* the appellant obtained a donation certificate for the entire estate and immediately went into possession and occupied the lands adversely for more than two years. Under those facts, the court held title became vested in appellant.

In the instant case, we are dealing with a constructively severed mineral estate and no one has been in actual possession of the minerals. In fact, appellants stipulated that they are not and never were in possession of the minerals. To be in possession of constructively severed minerals, actual production is required. *Skelly Oil Company* v. *Johnson,* 209 Ark. 1107, 194 S.W.2d 425 (1946). The only way the statute of limitations will run against the owner of the mineral rights is for the owner of the surface rights or some other person to take actual possession of the minerals by opening mines and operating same. *Claybrooke* v. *Barnes,* 180 Ark. 678, 22 S.W.2d 390 (1929); *Adams* v. *Bruder,* 275 Ark. 16, 627 S.W.2d 12 (1982). Appellants clearly have not demonstrated the facts required to vest title in themselves under § 34-1419.

This case is controlled by the holding in *Adams* v. *Bruder, supra.* In *Adams,* the court held that the original tax sale of the mineral rights was void where the mineral rights were improperly listed, *i.e.,* they were not subjoined to the land taxes, and they were listed at random in a different section of the land tax record book. The procedure followed for assessment in the instant case appears to be almost identical to that described in *Adams.* The county assessor testified that mineral interests were listed separately from surface interests. Some of the minerals were listed by section, township and range, and others were not. He testified that he knew two years ago that this was an improper listing of mineral interests, but that only three counties in the state were listing mineral interests according to the statutes.

The law in Arkansas has long been established that for a valid mineral assessment the mineral estate listing must be subjoined to the surface estate. *Adams* v. *Bruder, supra; Sorkin* v. *Myers,* 216 Ark. 908, 227 S.W.2d 958 (1950). Here,

the mineral rights were improperly listed and the original tax sale was void.

There was no error in the trial court and we affirm.

Affirmed.