Verna Cook GARVAN *v.* POTLATCH
CORPORATION et al

82-224                                         645 S.W.2d 957

Supreme Court of Arkansas
Opinion delivered February 21, 1983

*Moses, McClellan & McDermott,* by: *Harry E. McDermott, Jr.,* for appellant.

*Haley & Claycomb,* by: *Richard L. Roper,* for appellees.

DARRELL HICKMAN, Justice. Potlatch Corporation and others filed suit to set aside a tax deed to certain mineral interests in Pike County. The chancellor held the deed was void because the mineral interests, which were listed separately in the assessments books from the fee or surface interests, were not "subjoined" as the law and our decisions require. We agree and affirm.

In a line of cases we have held that when a tax deed to mineral interests derives from a defective assessment it is void. *Adams* v. *Bruder,* 275 Ark. 19, 627 S.W.2d 12 (1982); *Stienbarger* v. *Keever,* 219 Ark. 411, 242 S.W.2d 713 (1951); *Sorkin* v. *Myers,* 216 Ark. 908, 227 S.W.2d 958 (1950). *See* 12 Ark. L. Rev. 338, O. B. Core, *Tax Forfeiture Problems in the*

*Examination of Abstracts.* Those cases all hold that when a separate assessment is made for mineral interests, the assessment must be "subjoined" to the fee assessment. The appellant argues the assessment was subjoined in this case, or at least that our holdings in those cases are distinguishable.

Subjoined means to add at the end, to append, to place in sequence or juxtaposition. THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 1415 (Unabridged ed. 1967).

In *Sorkin* v. *Myers, supra,* and *Steinbarger* v. *Keever, supra,* the severed mineral interests were listed in a separate book from the fee assessments. In *Adams* v. *Bruder, supra,* the mineral interests were listed at random in a separate section of the tax books. In each case we held the assessments were improper because the mineral assessments were not subjoined.

In Pike County the separate mineral assessments were listed in one section following the fee assessments. The appellant argues they were listed in the same book, easy to find, and consisted of only about one hundred separate assessments. In *Sorkin,* a separate book was used and over 4,000 different assessments were listed.

But the question is whether the separate mineral assessments were subjoined to the fee assessments, and we hold they were not. The separate assessments must be listed individually immediately after each respective fee or surface interest. That is the only way a fee holder or any interested person can readily and certainly determine the state of taxes on mineral interests that lie under the tract.

The appellant, in addition, argues that her tax deed that she obtained in 1956 gave her color of title and because she has paid taxes since, she had gained title under Ark. Stat. Ann. § 37-102 (Repl. 1962). She argues that she has also gained color of title by paying taxes on the mineral interests for over fifteen years. Ark. Stat. Ann. § 37-103. This court has held that those statutes refer only to wild, unenclosed land

and, therefore, only to the surface rights. *Brizzolara* v. *Powell,* 214 Ark. 870, 218 S.W.2d 728 (1949).

The statute of limitations did not begin to run against the appellees because appellant never took actual possession of the minerals by opening and operating mines as required to claim adverse possession of mineral rights. *Adams* v. *Bruder, supra; Claybrooke* v. *Barnes,* 180 Ark. 678, 22 S.W.2d 390 (1929).

The appellant claims that since the appellees did not respond to her defenses of laches, estoppel and abandonment they should be taken as admitted. Those are defenses. No response to such averments is required by the Arkansas Rules of Civil Procedure. *See* ARCP, Rules 7 and 8 (d). Although the chancellor did not specifically address the estoppel issue, we do not find that appellant was precluded from offering evidence on the issue. Here, appellant was relying on a defective tax deed and had not taken actual possession of the minerals. We have reviewed the case *de novo* and we find no merit to the defenses asserted under the facts presented. *See Adams* v. *Bruder, supra.*

Affirmed.