Jay J. BLACKBURN et al *v.* T. G. CLINE et al

CA 82-214                                     650 S.W.2d 588

Court of Appeals of Arkansas
Opinion delivered April 13, 1983
[Rehearing denied May 4, 1983.]

*Young & Finley*, by: *Dale W. Finley*, for appellants.

*Dale S. Braden* and *Martin, Vater & Karr*, by: *Charles Karr*, for appellees.

MELVIN MAYFIELD, Chief Judge. The question in this case is whether the tax sale of a severed mineral interest, not subjoined to the surface assessment, is valid. The trial court found the interest assessed and forfeited improperly and quieted title in the appellees. Appellants claim under a tax deed from the Commissioner of State Lands and they contend that the subjoining of surface and mineral rights is not absolutely necessary.

As the appellants point out, the first mention of such a requirement is found in *Sorkin* v. *Myers*, 216 Ark. 908, 227 S.W.2d 958 (1950). In that case the court said mineral interests had been listed in a special book with the names of the owners listed alphabetically. The court noted that a deputy in the county clerk's office had testified that it was

not possible to find a particular mineral interest in the book without checking the entire list of almost four thousand names, and that this resulted from the fact that there was no order or system with reference to the land calls. The court then observed that Ark. Stat. Ann. § 84-402 provides that the county clerk shall make and deliver to the assessor, in books prepared for that purpose, an abstract of lands; that in listing acreage he shall commence with the lowest number of township and range in the county, and in the northeast corner of each township; and that he shall then proceed numerically with all the sections, townships, and ranges. After calling attention to the statutes dealing with the assessment of mineral and timber interests severed from the fee, the court stated:

> The minerals, being primarily an interest in the land, are severable only because the legislative authority has made them so; yet for taxing purposes they are so closely related to the realty that ownership identification and accuracy make it well-nigh imperative that the mineral listings be subjoined to the land assessments.

Appellants argue that the court did not state that subjoining was absolutely necessary and that its holding was really based on the fact that the listing procedures used made it difficult to find the assessment status of any particular mineral interest. Some support for that position can be found in *Davis* v. *Stonecipher,* 218 Ark. 962, 239 S.W.2d 756 (1951), the next case which considered the matter. There the court held a tax title void saying, "The same erroneous method of arranging the names of the owners alphabetically, rather than arranging the land by section, township, and range — as described in *Sorkin* v. *Myers, supra,* exists in the case at bar." Nothing was said in that case about the necessity of subjoining the mineral listing to the surface assessment, and again, nothing was said about such a requirement in *Smiley* v. *Thomas,* 220 Ark. 116, 246 S.W.2d 419 (1952). The requirement, however, was mentioned in *Stienbarger* v. *Keever,* 219 Ark. 411, 242 S.W.2d 713 (1951), although the opinion indicates that the real vice in the assessment procedure may have been the failure to list the mineral interests in the order of section,

township, and range. In *Adams* v. *Bruder,* 275 Ark. 19, 627 S.W.2d 12 (1982), there is a more definite requirement of subjoining but the opinion notes that the mineral interests were not listed by section, township, and range, and in *Walker* v. *Western Gas Co.,* 5 Ark. App. 226, 635 S.W.2d 1 (1982), we said the case was controlled by *Adams.*

The case at bar involves the assessment procedure used in Johnson County in 1931. Not only do the appellants argue that the above cases do not absolutely require the subjoining of surface and mineral rights, they also contend that there is no valid reason for such a requirement in this case. Here, appellants say, the evidence shows that the mineral interests were listed by section, township and range — just as required for assessment of the surface. They point to the evidence that the mineral assessments were in the middle of the same book that contained the surface assessments. They also rely upon the testimony of the Director of the Assessment Coordination Division of the Arkansas Public Service Commission who said that the procedure used in 1931 would meet the present-day requirements of the agency. He testified that the division is required to establish forms and guidelines for assessing property and that its regulations were approved by the Pulaski Circuit Court under a court-ordered reappraisal in 1979. A regulation in regard to the assessment of mineral rights reads as follows:

> Severed mineral rights — defined as mineral rights that are owned separately from the surface rights. Severed mineral rights are to be assessed in the Real Estate Book on the line following the surface rights, and designated (M.R.) only, *or you may make a separate Mineral Book in the same sequence of land descriptions as the Real Estate Book.* (Emphasis added.)

We recognize the force of the appellants' argument. We understand that the method used in Johnson County in 1931 may be one of the approved methods in use today and that it may be the preferred and more convenient method in counties where there is high activity in the buying and selling of mineral interests. But we are faced with two problems. First, we do not agree that the present-day

regulations of the Assessment Coordination Division can affect the assessment of mineral interests in 1931. Second, even if we agreed with the appellants' argument as to the effect of the cases discussed above, we are faced with the Arkansas Supreme Court decision of *Garvan v. Potlatch Corporation,* 278 Ark. 414, 645 S.W.2d 957 (1983).

In that case the court cited three of the cases discussed above, *Adams, Stienbarger,* and *Sorkin,* and said, "Those cases all hold that when a separate assessment is made for mineral interests, the assessment must be 'subjoined' to the fee assessment." The opinion defines the word "subjoined" and states, "The separate assessments must be listed individually immediately after each respective fee or surface interest." Thus, the question of whether the subjoining of surface and mineral rights is absolutely necessary is not open for us to decide in this case.

Affirmed.