Jack W. DAWDY et al *v.* Mamie Ware HOLT

83-223                                            662 S.W.2d 818

Supreme Court of Arkansas
Opinion delivered January 9, 1984

*Steve R. Crane,* for appellants.

*Keith, Clegg & Eckert,* for appellee.

DARRELL HICKMAN, Justice. The only issue in this case concerns the validity of a tax deed to oil, gas and mineral interests and whether we should overrule our decision in *Garvan v. Potlatch Corp.,* 278 Ark. 414, 645 S.W.2d 957 (1983).

This case comes to us on appeal from a motion for summary judgment that was granted by the chancellor. The appellee, Mamie Ware Holt, owned a mineral interest in the Chalybeat Springs Unit in Columbia County. The appellee failed to make tax payments on the mineral interest for the years 1979 through 1982. In 1980, after proper advertisement, appellant James H. Dawdy, Jr., purchased the appellee's mineral interest at a tax sale and received a deed. Appellee filed a petition to quiet title and remove a cloud, claiming the deed was invalid because it was based on an invalid tax assessment and because the mineral assessment was not

subjoined to the fee assessment as required by law. After considering affidavits from the county clerk, assessor and collector explaining the assessment procedure, the chancellor granted summary judgment, finding that the assessments were not subjoined.

The appellants raise two arguments. They argue that the trial court should not have granted summary judgment because there was a genuine issue of material fact for trial. The thrust of appellants' argument is that a material question of fact exists as to whether the assessment method used, which involved keeping separate record books on real estate fees and producing leases and royalties, constitutes "subjoinder" as required by law. This is also essentially the appellants' second issue on appeal, whether the trial court was wrong in holding that the surface or fee books and the mineral and royalty books did not satisfy the requirement of subjoinder because they were simply maintained in separate books.

The assessments of mineral interests in Columbia County showed the name of the owner, the number of acres contained in each call, and the acreage land commencing in the lowest number in township and range and in the northeast corner in each township. The assessments proceeded numerically with all sections, townships and ranges in the county, first setting out all the subdivisions of each section as they belong to different individuals or the whole section together if owned by one person and not divided due to the different values of the parcels. Admittedly, the mineral and fee records were in separate books.

The concept of subjoinder, as relates to assessments, arose in the case of *Sorkin* v. *Myers*, 216 Ark. 908, 227 S.W.2d 958 (1950), where we said:

> The minerals, being primarily an interest in the land, are severable *only* because the legislative authority has made them so; yet for taxing purposes they are so closely related to the realty that ownership identification and accuracy make it well-nigh imperative that the mineral listings be subjoined to the land assessments.

Any method that destroys this unilateral relationship burdens ready determination when an owner seeks information respecting the status of his interest at a given time.

In *Garvan* we addressed the question of whether the separate mineral assessments were subjoined to the fee assessments where both assessments were listed in the same book but in different sections. We held that they were not and defined subjoinder as requiring the separate assessments to be listed "individually immediately after each respective fee or surface interest." Consequently, the tax deeds were void because it has long been the law in Arkansas that when a tax deed to mineral interests derives from a defective assessment, it is void. *Steinbarger* v. *Keever*, 219 Ark. 411, 242 S.W.2d 713 (1951); *Sorkin* v. *Meyer, supra.* In *Garvan* we also defined "subjoined" to mean "at the end, to append, to place in sequence or juxtaposition." We noted that assessments have been found to be improper when the mineral interests were listed in a separate book from the fee assessments; when they were listed randomly in a separate section of the tax books; and when they were listed in one section following the fee assessments. We have stated that listing the mineral assessments immediately after the surface assessments is the only way a fee holder or any interested person can readily determine his tax status.

The appellants acknowledge that this is the status of the law, but they argue that we have defined "subjoined" too restrictively and it will place an unreasonable burden on assessors in counties such as Columbia where there are thousands of divided assessments. The appellants also point out that, unlike the case in *Sorkin,* the assessment method used did not deprive the taxpayer of due process of law, obscure the information from the taxpayer, prejudice the taxpayer, or burden an easy determination by an owner of his tax status at a given time. Our cases have taken a clear direction for years in this matter and if any change is needed, as the appellants suggest, it is a matter for the legislature.

Affirmed.

HOLLINGSWORTH, J., not participating.