The Honorable Charlie Daniels Commissioner of State Lands State Capitol Building Little Rock, Arkansas 72201
Dear Mr. Daniels:
This is in response to your request for an opinion concerning the interpretation of two acts surrounding the collection of ad valorem real estate taxes on mineral interests.
Specifically, you note that Act 1165 of 1991, codified at A.C.A. § 26-35-607 (Cum. Supp. 1991), provides that if the cost of collecting the ad valorem tax on mineral interests exceeds the annual tax on the mineral interests, then the tax shall not be billed, and no tax shall be owed. The cost of collection of such taxes has been established by the Director of the Assessment Coordination Division of the Department of Finance and Administration, under authority granted in the Act, as two dollars and forty cents.
You also note that pursuant to A.C.A. § 26-37-210, severed mineral interests are treated as taxes on land and are subject to all tax laws governing the sale and forfeiture of real property. Accordingly, you note, delinquent mineral interests are certified by counties to the Commissioner of State Lands for redemption or sale. In light of all of the foregoing, you pose the following three questions:
 1) Is Act 1165 applicable to the collection of delinquent taxes on mineral interests certified to the Commissioner of State Land's office prior to the effective date of the Act?
 2) The next parcels certified to the Commissioner of State Land will be those properties that went delinquent in 1988. These parcels are typically certified with three (3) years of taxes which in this case would include the years 1988, 1989, and 1990. Should the collector certify parcels whose 1990 taxes are less than $2.40, for 1988 and 1989 taxes only? If the parcels are certified for two years only, should the Commissioner of State Lands' office offer those parcels for sale?
 3) The Commissioner of State Lands' office collects all delinquent taxes on both sales and redemptions. Currently this includes the 1990 taxes. Should the Commissioner of State Lands' office collect the 1990 taxes if the single year amount is less than $2.40?
It is my opinion, in response to your first question, that Act 1165 of 1991 does not have retroactive application, and does not, in any event, apply to delinquent mineral interests which have already been certified to the Commissioner of State Lands.
Act 1165 of 1991 is entitled "AN ACT TO PROVIDE THAT THE AD VALOREM PROPERTY TAX ON A MINERAL INTEREST SHALL NOT BE BILLED OR COLLECTED IF THE COST OF COLLECTING THE TAX EXCEEDS THE TAX; AND FOR OTHER PURPOSES," and it provides in Section 1 that:
 (a) If the cost of collecting the ad valorem tax on mineral interests exceeds the annual tax on the mineral interest, then the tax shall not be billed or collected and no tax shall be owed. However, the collector shall record the amount of the tax for accounting purposes.
This provision, in my opinion, contemplates that the mineral interest tax shall not be billed or collected by the local collector if it is an amount below the set figure. It was not intended, in my opinion, to address any parcels already certified to the Commissioner of State Lands. In addition, cases are legion in Arkansas for the proposition that acts of the legislature dealing with matters of substance rather than procedure are presumed to be prospective only. See, e.g., Huffman v.Dawkins, 273 Ark. 520, 622 S.W.2d 159 (1981). I can glean no legislative intent from the language of Act 1165 that it was intended to apply to mineral interest taxes which were previously billed and upon which collection has already been unsuccessfully attempted and which have in fact already been certified to the Commissioner. See also Op. Att'y. Gen. 91-128 (concluding that Act 1165 of 1991 applies to billings and collections occurring after its effective date), a copy of which is enclosed. Thus the presumption of non-retroactivity, coupled with the apparent lack of intent to apply this statute to parcels already certified to the Land Commissioner, compel me to conclude that the answer to your first question is "no."
It is my opinion that the answers to the first and second parts of your second question are "yes" and "yes." The collector should certify mineral interest taxes which "went delinquent" beginning in 1988, even though the 1990 tax owed is less than $2.40, because Act 1165 is not retroactive as stated above. There is also no prohibition, in my opinion, against the Commissioner of State Lands offering for sale parcels certified for two years of delinquent taxes only. Some explanation is necessary. When a taxpayer fails to pay the ad valorem taxes on mineral interests for the first time, the county tax collector is to hold them for two years after the date of delinquency (which will be on October 10). A.C.A. § 26-37-101 (Cum. Supp. 1991). If the interests are not redeemed before July 10, following expiration of the two years (the "certification date"), the mineral interests are certified sometime thereafter to the Commissioner of State Lands. Thus, although the taxes are "delinquent" after any one year's assessment is not paid, by the time the interests are certified to the Commissioner, there are in most cases three years of taxes owing, as a taxpayer cannot pay present year taxes without satisfying any delinquencies. See generally A.C.A. §26-37-302 (Cum. Supp. 1991). Because, however, two of the three years you mention (1988 and 1989) each occurred prior to the effective date of Act 1165 of 1991, it is my opinion that the collector can include each of these year's taxes in the certification to the Commissioner. The collector will not include, however, the 1990 taxes if they were less than $2.40 because the deadline for paying these taxes occurred after the effective date of Act 1165 of 1991.[1] These taxes are thus, under Act 1165, not "owed," and the local collector is not to bill or collect them. There is no requirement, however, that the collector include three years of delinquent taxes in his certification, this is just the way is it typically done due to the prescribed waiting periods under the statutes. Even though no 1990 taxes are owing, the mineral interests are still delinquent nonetheless. The collector should thus certify the two delinquent years of taxes which occurred prior to the effective date of the act.
Similarly, it is my opinion that there is no prohibition against the Commissioner offering parcels for sale which have been certified with only two years of delinquent taxes owing. He must, however, follow all of the requirements set out by the statutes for redemption and sale of forfeited lands.
In my opinion, the answer to your third question is "yes" in light of the conclusion reached above that Act 1165 of 1991 was not intended to apply to mineral interests already in the hands of the Commissioner. Again, an explanation is necessary. Typically, after the mineral interests are certified to the Commissioner with, by then, three years of delinquent taxes owing, there is an additional two year waiting period for redemption while the interests are in the hands of the Commissioner. A.C.A. 26-37-301 (Cum. Supp. 1991). During this period, an additional two years of taxes accrue, and are included in the amounts satisfied by the sale or redemption. See,e.g., Op. Att'y. Gen. 89-161. The 1990 taxes which have accrued on these parcels were payable after the effective date of Act 1165 of 1991. See note 1 supra. You thus inquire as to whether Act 1165 of 1991 prohibits the Commissioner from collecting them with the other previous years taxes upon redemption or sale of the interests. Again, it is my opinion that Act 1165 of 1991, even if effective at the time, was not intended to apply to interests already certified to the Land Commissioner. No additional cost is incurred by the Commissioner including these taxes in the sale or redemption, and thus their collection is not contrary to the intent of the act that effort not be expended to collect amounts which are smaller than the costs of collection.
You have posed one final separate question not noted above, concerning the issuance of Opinion Number 89-195 and the validity of mineral interest tax deeds resulting from delinquent tax sales which occurred prior to the effective date of Act 961 of 1985 which was enacted in response to the Arkansas Supreme Court's decision in Dawdy v. Holt, 281, Ark. 171, 662 S.W.2d 818
(1984), concerning the "subjoinder" of mineral interests on the tax books. It is not necessary to discuss the issues involved in Opinion No. 89-195 or the act or case cited above in detail herein. Opinion No. 89-195 is enclosed herein for review of interested persons. Suffice it to say that your question in this regard is whether it is appropriate for the Commissioner of State Lands to resume sales of tax delinquent mineral rights beginning with the 1986 forfeitures.
It is my opinion that the answer to this question is "yes." Act 961 of 1985, codified at A.C.A. § 26-26-1112, was enacted by the legislature to allow counties to maintain separate records for severed mineral interests if the records are maintained by legal description of the surface estate. This act, therefore, eliminates any former problems caused by a failure of "subjoinder" on mineral interest tax deeds arising from taxes first delinquent in 1986, in counties which maintain records in this fashion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] Act 1165 of 1991, which was passed without an emergency clause, became effective on July 15, 1991. See Op. Att'y. Gen.91-119. Taxes for 1990 are payable on October 10 of the year succeeding the year of their levy, which would be October 10, 1991, after the effective date of the act. See A.C.A. §26-35-501(a)(1) (Cum. Supp. 1991).