2009 Ark. App. 865

**SELRAHC LIMITED PARTNERSHIP and Katina Roye Peevyhouse (formerly known as Katina R. Roye), Appellants**

v.

**SEECO, INC. et al., Appellees.**

**No. CA 09–378.**

Court of Appeals of Arkansas.

Dec. 16, 2009.

Christian & Byars, Fort Smith, by: Joe D. Byars, Jr., for appellants.

Daily & Woods, PLLC, Fort Smith, by: Jerry L. Canfield, Thomas A. Daily, and Coby W. Logan, for appellee SEECO, Inc.

The Limbaugh Firm, by: John W. Grimm; Stanley A. Grimm, for appellees The Morgan Defendants.

Dunn, Nutter & Morgan, LLP, by: James W. Smith, Little Rock, for appellee Dana Mansfield.

DAVID M. GLOVER, Judge.

The principal issue in this case is whether the tax sale of a severed mineral interest, not subjoined to the surface assessment, is valid. The circuit court found that the mineral interest had been assessed and forfeited improperly and quieted title in the appellees. We are thus confronted with the same situation in which we found ourselves when we decided *Blackburn v. Cline,* 8 Ark.App. 108, 650 S.W.2d 588 (1983). As in *Blackburn,* we affirm the circuit court.

### Facts

Appellants Selrahc Limited Partnership and Katina Peevyhouse trace their claim to a November 1973 tax deed. The property was sold for 1970 taxes. One group of

appellees, referred to as the "Morgan defendants" or "Morgan heirs," claim some of the mineral interests as the heirs of Quincy A. Morgan and Mabel May Morgan. The Morgan claim dates from 1923. Appellee Dana Mansfield, one of the grandchildren of Wilbur J. Mansfield, claims another part of the mineral interests. Appellee Seeco, Inc., is a producer who leases the mineral interests from the other appellees.

Appellants filed suit seeking to quiet title to the mineral interest in themselves. The petition asserted that appellants, or their predecessors in title, had paid all property taxes on the mineral interests since 1979, and that the Van Buren County Assessor had maintained the assessment records on the mineral interests by indexing them according to section, township, and range, making the mineral interests identifiable by tract. Appellants additionally sought to have Arkansas Code Annotated section 26–26–1112 (Repl.1997), purporting to eliminate the subjoinder requirement, given retroactive application. Appellees filed separate answers to the petition in which they denied the material allegations. The Morgan heirs and the Mansfield heirs both filed counterclaims seeking to quiet title to their respective mineral interests in themselves.

Appellees also filed a motion for summary judgment, which asserted that appellants' tax title was void as a matter of law.[1] In their brief in support of the motion, the Morgan heirs asserted that the Van Buren County Assessor did not maintain the mineral-assessment records immediately following the same tract's surface assessment, and submitted an affidavit from Trina Jones, the current Van Buren County Assessor, to that effect. In response, appellants submitted Jones's deposition in which she stated that her affidavit was not entirely accurate. Jones testified that both the surface interests and the mineral interests are indexed in a single volume by section, township, and range. However, she indicated that the surface assessments are in one section of the book, while the mineral assessments are in a different section. As far as Jones knew, the mineral assessments had never been subjoined to their respective surface assessments.

The circuit court entered an order granting summary judgment to appellees. The court relied on the *Sorkin v. Myers*, 216 Ark. 908, 227 S.W.2d 958 (1950), line of cases and noted that this was a rule of property that the circuit court was without power to change. The court rejected appellants' invitation to apply Arkansas Code Annotated section 26–26–1112 retroactively, noting that the deeds at issue predated the enactment of the statute. The court later entered a final judgment pursuant to Arkansas Rule of Civil Procedure 54(b). This appeal timely followed.

### Standard of Review

Normally, we determine if summary judgment is proper based on whether evidentiary items presented by the moving party leave a material fact unanswered, viewing all evidence in favor of the nonmoving party. *Hisaw v. State Farm Mut. Auto. Ins. Co.*, 353 Ark. 668, 122 S.W.3d 1 (2003). However, in cases such as this where the parties do not dispute the essential facts, we simply determine whether the moving party was entitled to judgment as a matter of law. *Jackson v.*

---

1. The motion for summary judgment was filed by the Morgan heirs. It was adopted or supported by the other appellees.

*Blytheville Civ. Serv. Comm'n,* 345 Ark. 56, 43 S.W.3d 748 (2001).

### Arguments on Appeal

#### 1. Subjoinder Requirement

Appellants first argue that the circuit court erred in finding their tax deed void because the manner in which the Van Buren County Assessor maintained its records did not deprive the original owners of due process. As appellants point out, the first mention of the requirement that the mineral interest be listed immediately below, or subjoined to, the surface interest is found in *Sorkin, supra.* There, the supreme court said that mineral interests had been listed in a special book with the names of the owners listed alphabetically. The court noted that a deputy in the county clerk's office had testified that it was not possible to find a particular mineral interest in the book without checking the entire list of almost four thousand names, and that this resulted from the fact that there was no order or system with reference to the land calls. The court then observed that Ark. Stat. Ann. § 84–402, now codified as Ark.Code Ann. § 26–26–702 (Repl.1997), provides that the county clerk shall make and deliver to the assessor, in books prepared for that purpose, an abstract of lands; that in listing acreage he shall commence with the lowest number of township and range in the county, and in the northeast corner of each township; and that he shall then proceed numerically with all the sections, townships, and ranges. After calling attention to the statutes dealing with the assessment of mineral and timber interests severed from the fee, the court stated,

> The minerals, being primarily an interest in the land, are severable *only* because the legislative authority has made them so; yet for taxing purposes they are so closely related to the realty that

ownership identification and accuracy make it well-nigh imperative that the mineral listings be subjoined to the land assessments.

*Sorkin,* 216 Ark. at 912, 227 S.W.2d at 960 (emphasis in original).

Appellants argue that the *Sorkin* court did not state that subjoining was absolutely necessary and that its holding was really based on the fact that the listing procedures used made it difficult to find the assessment status of any particular mineral interest. Some support for that position can be found in *Davis v. Stonecipher,* 218 Ark. 962, 239 S.W.2d 756 (1951), the next case in which the court considered the matter. The *Davis* court held a tax title void, noting that the same erroneous method existed of arranging the names of the owners alphabetically, rather than arranging the land by section, township, and range. Nothing was said in that case about the necessity of subjoining the mineral listing to the surface assessment, and again, nothing was said about such a requirement in *Smiley v. Thomas,* 220 Ark. 116, 246 S.W.2d 419 (1952). The requirement, however, was mentioned in *Stienbarger v. Keever,* 219 Ark. 411, 242 S.W.2d 713 (1951), although the opinion indicates that the real vice in the assessment procedure may have been the failure to list the mineral interests in the order of section, township, and range. In *Adams v. Bruder,* 275 Ark. 19, 627 S.W.2d 12 (1982), there is a more definite requirement of subjoining, but the opinion notes that the mineral interests were not listed by section, township, and range. The supreme court followed *Adams* in *Hurst v. Rice,* 278 Ark. 94, 643 S.W.2d 563 (1982). In *Walker v. Western Gas Co.,* 5 Ark.App. 226, 635 S.W.2d 1 (1982), this court held that the case was controlled by *Adams.*

In *Blackburn, supra,* the mineral interest was forfeited for 1931 taxes. The min-

eral interests were listed by section, township, and range in the same book as the surface interests. The appellants in that case argued, as appellants do here, that subjoinder was not absolutely required by the statutes. Nevertheless, this court affirmed:

> ⌐₆We recognize the force of the appellants' argument.... But we are faced with two problems. First, we do not agree that the present-day regulations of the Assessment Coordination Division can affect the assessment of mineral interests in 1931. Second, even if we agreed with the appellants' argument as to the effect of the cases discussed above, we are faced with the Arkansas Supreme Court decision of *Garvan v. Potlatch Corporation*, 278 Ark. 414, 645 S.W.2d 957 (1983).
>
> In that case the court cited three of the cases discussed above, *Adams, Steinbarger [Stienbarger]*, and *Sorkin*, and said, "Those cases all hold that when a separate assessment is made for mineral interests, the assessment must be 'subjoined' to the fee assessment." The opinion defines the word "subjoined" and states, "The separate assessments must be listed individually immediately after each respective fee or surface interest." Thus, the question of whether the subjoining of surface and mineral rights is absolutely necessary is not open for us to decide in this case.

8 Ark.App. at 110–11, 650 S.W.2d at 590. This language is equally applicable to the present case.

After this court's opinion in *Blackburn*, the supreme court addressed and rejected an argument similar to the one appellants make here—that subjoinder is not required where the mineral interests were listed separately, but also were listed by section, township, and range. *Dawdy v. Holt*, 281 Ark. 171, 662 S.W.2d 818 (1984). The court stated,

> The appellants also point out that, unlike the case in *Sorkin*, the assessment method used did not deprive the taxpayer of due process of law, obscure the information from the taxpayer, prejudice the taxpayer, or burden an easy determination by an owner of his tax status at a given time. Our cases have taken a clear direction for years in this matter and if any change is needed, as the appellants suggest, it is a matter for the legislature.

*Id.* at 174, 662 S.W.2d at 819.

As part of this point, appellants also argue that the supreme court's departure from a due-process rationale for the subjoinder rule in *Dawdy* and *Garvan* constitutes an unconstitutional violation of the separation-of-powers doctrine. However, the issue is not preserved for our review because the circuit court did not clearly and specifically address the ⌐₇issue. To preserve an argument for appeal, even a constitutional one, the appellant must obtain a clear ruling below. *Doe v. Baum*, 348 Ark. 259, 72 S.W.3d 476 (2002).[2]

### 2. Retroactive Application of Section 26–26–1112

In their second point, appellants argue that section 26–26–1112 should be retroactively applied to the present case because it was in effect at the time the circuit court made its decision. The legislature accepted the supreme court's invitation in *Dawdy* and enacted Act 961 of 1985, now codified at Ark.Code Ann. § 26–26–1112, which provides that "[c]ounty as-

---

**2.** This court has considered the authorities contained in appellants' post-argument motion to cite additional authorities on this is-

sue. However, we are not persuaded that the issue has been preserved.

sessors may maintain separate records for severed mineral interests if the records are maintained by legal description of the surface estate in the same manner as records of the estates are maintained."

The supreme court acknowledged section 26–26–1112 in *Gilbreath v. Union Bank,* 309 Ark. 360, 830 S.W.2d 854 (1992), but declined to apply it retroactively. This court, like the circuit court, cannot overrule a decision of the Arkansas Supreme Court. *Osborne v. Bekaert Corp.,* 97 Ark. App. 147, 245 S.W.3d 185 (2006). We also cannot ignore the fact that the tax forfeiture at issue occurred in 1970, long before section 26–26–1112 was enacted. *Gilbreath* involved an assessment and forfeiture that occurred in 1981. Moreover, this court in *Blackburn* refused to apply an administrative regulation similar to section 26–26–1112 to a 1931 tax assessment.

Appellants also argue that section 26–26–1112 was a "curative act" designed to overcome the subjoinder problem. The issue is whether the legislature intended it to be a curative act. Surely it had this issue in mind, given that the Act was passed in such close proximity to the supreme court's *Dawdy* decision, and *Dawdy* invalidated a tax deed. On the other hand, if the legislature had intended the Act to have retroactive application so as to render tax deeds valid, it could easily have said so.

### 3. Equitable Arguments

For their third point, which they characterize as an alternative basis, appellants argue that principles of equity and estoppel preclude appellees from defeating their record title. The basis for the argument is that appellees have acknowledged that they have not paid property taxes on the mineral interests for more than thirty years. The supreme court rejected this very argument in *Adams, supra.*

Affirmed.

GLADWIN and BROWN, JJ., agree.