Cite as 2025 Ark. App. 284

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-24-10

| | |
|---|---|
| KYLYNNE ALYSE DURDEN<br>APPELLANT<br><br>V.<br><br>CONWAY BEHAVIORAL HEALTH HOSPITAL, LLC<br>APPELLEE | Opinion Delivered May 7, 2025<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CV-22-638]<br><br>HONORABLE SUSAN WEAVER, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

The appellant, Kylynne Durden, appeals from a Faulkner County Circuit Court order granting the motion for summary judgment filed by the appellee, Conway Behavioral Health Hospital, LLC ("CBH"). Durden argues that genuine issues of material fact preclude summary judgment on her false-imprisonment claim and that CBH is not immune from suit. We affirm.

### I. *Background Facts*

On May 20, 2022, Durden attempted suicide by putting a cell phone charger around her neck. Durden stopped her attempt and called her mother, Sherita Durden, who lives in Illinois. In response, Sherita called emergency services, and the Conway police and EMS were dispatched to Durden's residence. Durden was voluntarily transported via ambulance to Baptist Health Medical Center ("Baptist Health"). Medical records from Baptist Health

state that Durden reported experiencing suicidal ideations for years. Durden had self-inflicted abrasions and scratches on her upper arms, and medical records state that Durden had a suicidal plan. While at Baptist Health, Durden became agitated, began yelling, and started hitting the door.

At approximately 2:00 a.m. on Saturday, May 21, Durden was transferred from Baptist Health to CBH. At the time Durden was transferred, CBH executed a "Consent to Transfer" form, which stated that Durden verbally consented to the transfer. The form was not signed by Durden; however, her consent was witnessed by two Baptist Health employees. Durden was transferred to CBH for "psychological evaluation and treatment." CBH performed its initial assessment of Durden at 2:42 a.m. on the May 21, and then she was further evaluated at 5:10 a.m. and 9:15 a.m.

On Sunday, May 22, Durden signed and initialed a consent form stating that she "request[ed] to admit [herself] as a patient to [CBH] for diagnostic observation, care, treatment, medications, and services." By signing the form, Durden "agree[d] to accept care"; acknowledged that CBH had explained the proposed care; and agreed that she could revoke her care at any time—which could result in her discharge from the facility—"unless [CBH] had the legal obligation to treat [her] on an involuntary basis." Furthermore, the consent form, which was also signed by a CBH employee, stated that Durden had read and fully understood the form.

At approximately 5:18 p.m. on Monday, May 23, Durden informed CBH staff that she no longer wished to remain at the facility and requested her release. Accordingly, CBH

2

prepared a "72-Hour Hold Notification" informing Durden of her rights and that she was considered by the staff to be "committable and that a petition for [her] involuntary commitment to be hospitalized and treated for [her] safety and well-being [would] be initiated and filed within 72 hours, excluding weekends or legal holidays." The form indicated that Durden was informed of her rights but that she refused to sign the acknowledgment. Two witnesses attested that Durden was informed of her rights but refused to sign the acknowledgment.

On May 25, Durden filed a petition for emergency hearing on her involuntary commitment at CBH and requested immediate release. Durden was discharged from CBH on Thursday, May 27, at 1:10 p.m. Durden subsequently filed an amended complaint on May 27 alleging a claim against CBH for false imprisonment.

On August 7, 2023, CBH filed a motion for summary judgment, arguing that Durden's admission to the facility was voluntary—as evidenced by her signed admission consent forms and deposition testimony—and after she requested her release, CBH had the legal authority pursuant to Arkansas Code Annotated section 20-47-210 (Repl. 2018), to detain her for seventy-two hours because she was unquestionably a danger to herself. Because a claim of false imprisonment requires unlawful detention without sufficient legal authority to do so, CBH argued that it was entitled to judgment as a matter of law. In support of its motion, CBH attached Durden's deposition testimony; records from Baptist Health; and records from CBH.

In response to the motion, Durden argued that she did not pose a clear and present danger to herself; therefore, she did not meet the test for involuntary commitment pursuant to statute and, furthermore, that she "vehemently demanded release from [CBH] on May 21, 2022 and subsequently." Thus, Durden argued that summary judgment in favor of CBH should be denied. However, on August 11, Durden filed a cross-motion for summary judgment, arguing that she was entitled to judgment as a matter of law because there was no genuine issue of material fact that she was not a clear and present danger to herself on May 21, 2022, when she demanded to be released and when her involuntary commitment would have necessarily commenced. CBH argued that Durden's summary-judgment motion should be denied because it rested solely on factual allegations and included no evidence or any supporting material establishing a prima facie entitlement to summary judgment.

On September 12, the circuit court held a hearing on the competing summary-judgment motions. The circuit court denied Durden's summary-judgment motion and granted summary judgment in favor of CBH on September 15. Durden filed a timely notice of appeal, and this appeal followed.

## II. *Standard of Review*

Summary judgment is a remedy that should be granted only when there are no genuine issues of material fact to litigate and when the case can be decided as a matter of law. *Smith v. St. Paul Fire & Marine Ins. Co.*, 76 Ark. App. 264, 64 S.W.3d 764 (2001). Normally, this court determines if summary judgment is proper by deciding whether evidentiary items presented by the moving party leave a material question of fact unanswered,

4

viewing all evidence in favor of the nonmoving party. *Selrahc Ltd. P'ship v. SEECO, Inc.*, 2009 Ark. App. 865, 374 S.W.3d 33. However, in cases such as this where the parties do not dispute the essential facts, this court simply determines whether the moving party was entitled to judgment as a matter of law. *Id.*

Our supreme court has held as follows:

> "When parties file cross-motions for summary judgment, as was done in this case, they essentially agree that there are no material facts remaining, and summary judgment is an appropriate means of resolving the case. As to issues of law presented, our review is de novo." *State v. Cassell*, 2013 Ark. 221, at 4–5, 427 S.W.3d 663, 666 (citations omitted). "De novo review means that the entire case is open for review." *Certain Underwriters at Lloyd's, London v. Bass*, 2015 Ark. 178, at 9, 461 S.W.3d 317, 323 (citations omitted).

*Washington Cnty. v. Bd. of Trs. of the Univ. of Ark.*, 2016 Ark. 34, at 3, 480 S.W.3d 173, 175.

## III. *Discussion*

Despite arguing below that she was entitled to judgment as a matter of law, Durden now contends on appeal that genuine issues of material fact preclude summary judgment on her claim against CBH for false imprisonment. Specifically, Durden alleges three material facts in dispute: (1) whether she attempted to leave CBH before she was admitted to the facility; (2) whether she requested to leave CBH before Monday, May 23; and (3) whether immediate confinement was necessary to prevent her from committing suicide. Durden also maintains on appeal that CBH is not civilly immune from suit pursuant to Arkansas Code Annotated section 20-47-227 (Repl. 2018).

Arkansas law defines "false imprisonment" as the "unlawful violation of the personal liberty of another consisting of detention without sufficient legal authority." *Headrick v. Wal-*

5

*Mart Stores, Inc.*, 293 Ark. 433, 435, 738 S.W.2d 418, 420 (1987). Arkansas statutes provide mechanisms for the commitment and treatment of mentally ill persons, however, including (1) a voluntary admissions process—Arkansas Code Annotated section 20-47-204 (Repl. 2018), (2) an involuntary admissions process—Arkansas Code Annotated section 20-47-207 (Repl. 2018), and (3) a process for immediate confinement of dangerous persons—Arkansas Code Annotated section 20-47-210 (Repl. 2018). Detention with legal authority cannot form the basis of a false-imprisonment claim. *Limited Stores, Inc. v. Wilson-Robinson*, 317 Ark. 80, 876 S.W.2d 248 (1994).

On appeal, Durden argues that there was a "genuine issue of material fact regarding whether [she] attempted to leave CBH before she was even admitted to the facility." Moreover, Durden seemingly suggests—for the first time on appeal—that she was not properly voluntarily admitted to CBH in accordance with Arkansas Code Annotated section 20-47-204(1). To the contrary, Durden conceded below that her initial commitment to CBH was voluntary. Durden also proclaimed in her summary-judgment motion that she "signed and initialed a voluntary admission form" on May 21 and then later requested to leave. However, CBH attached supporting documentation to its summary-judgment motion that Durden initialed the form on Sunday, May 22, agreeing that her admission to CBH was voluntary. Despite this proof, Durden did not provide any explanation or supporting documents to dispute that as of Sunday, May 22, at 2:55 p.m., she agreed that her stay was voluntary nor did she allege that CBH's documentation was falsified. In fact, her own deposition testimony supported CBH's summary-judgment motion:

6

Q: So, you told them that you consented to going there. You got there to Conway Behavioral. You told me that you understood the first two days needing to be there?

A: Right.

Q: And then you said on Monday, the third day, you said that's when you didn't think you needed to be there anymore.

A: Correct.

Q: And the day—the third day when you said you didn't need to be there anymore, from your perspective, they provided you with the document we saw earlier—I can get it back out—about being there involuntarily, right?

A: Right.

Q: And they held you for less than 72 hours from that time period?

A: Okay. Yes.

Q: I mean, do you agree?

A: Yes.

Accordingly, we decline to reach the merits of Durden's claim that she was not voluntarily admitted to CBH in accordance with Arkansas Code Annotated section 20-47-204(1) because she has raised it for the first time on appeal. *See Merica v. S&S Home Improvements, Inc.*, 2021 Ark. App. 197, 625 S.W.3d 356. To the extent that Durden is attempting to create a genuine issue of material fact on appeal regarding when she was admitted to CBH, that argument is contradictory to what she maintained at the summary-judgment hearing. Durden argued that her motion should be granted "based on the fact that *there is no material disagreement about the facts* and what happened in this case." (Emphasis

7

added.)  Durden's counsel then stated, "There is no material difference of opinion as to the facts in this case. I think a jury would hear the same set of facts from both sides and the same law from both sides."  The circuit court agreed with Durden that no genuine issues of material fact remained on the false-imprisonment claim; it just did not rule in her favor.

Furthermore, as cited above, when parties file cross-motions for summary judgment, this court's standard of review is different because the parties have essentially agreed that summary judgment is an appropriate means of resolving the case; thus, our review is limited to whether the appellee is entitled to judgment as a matter of law.  *See First Nat'l Bank of Izard Cnty. v. Old Republic Nat'l Title Ins. Co.*, 2022 Ark. App. 440, 655 S.W.3d 108.  Thus, while Durden argues on appeal that "[a]ny perceived conflicts in her testimony should be viewed in [her] favor at the summary-judgment stage, rendering summary judgment inappropriate," she is incorrect.  Because Durden argued before the circuit court that summary judgment was the appropriate remedy to resolve the case, the sole question on appeal is whether CBH was entitled to judgment as a matter of law on Durden's false-imprisonment claim.

Detention with legal authority cannot form the basis of a false-imprisonment claim.  *See Limited Stores, Inc., supra.*  In her summary-judgment motion, Durden argued that there was no genuine issue of material fact regarding whether she posed a "clear and present danger" to herself as required under Arkansas Code Annotated section 20-47-207(c)(1) to warrant involuntary commitment; therefore, she was entitled to judgment as a matter of law.  To support her argument, Durden relied almost exclusively on her own assertions that she did not pose a clear and present danger to herself.  Durden cited portions of her deposition

8

wherein she declared that the CBH was "like a prison," and she was being "held against her will." Further, Durden referenced the depositions of her mother and a friend, Makayla Sheard; however, she did not cite any portion of their depositions in her motion nor are their depositions—or any portions thereof—in the record. Rather, Durden described her suicide attempt as "an act of minor self-harm with no broken skin or marks or scars." Furthermore, she explained that she suffered no unconsciousness and "the charger cord did not even leave a visible mark."

Arkansas Code Annotated section 20-47-207(c)(1) provides that "a person shall be eligible for involuntary admission if he or she is in such a mental condition as a result of mental illness, disease, or disorder that he or she poses a clear and present danger to himself or herself or others." "Clear and present danger" is established by demonstrating that "the person has inflicted serious bodily injury on himself or herself or has attempted suicide or serious self-injury, and there is a reasonable probability that the conduct will be repeated if admission is not ordered." Ark. Code Ann. § 20-47-207(c)(2)(A).

On appeal, Durden argues that there was no evidence to show it was "reasonably probable" that she would attempt suicide again if she was not involuntarily committed; therefore, there is a genuine issue of material fact regarding whether immediate confinement was necessary. As discussed above, the relevant question on appeal is whether CBH was entitled to judgment as a matter of law because Durden argued below that no material facts existed and that summary judgment was an appropriate resolution.

The undisputed facts as set out in CBH's summary-judgment motion are as follows: (1) before May 20, Durden stopped taking the medication that she had been prescribed for depression; (2) she attempted suicide on May 20; (3) Durden had self-inflicted abrasions and scratches on her upper arms; (4) Baptist Health's clinical notes state that Durden reported having experienced suicidal ideations "for years"; (5) Baptist Health records state that she became "very agitated and [began] yelling and [hit] the door hard" and that her uncle had to be removed from the room; (6) Baptist Health medical records state that she was positive for "self-injury and suicidal ideas" and her "[t]hought content includes suicidal plan"; and (7) Durden was released from CBH at 1:10 p.m. on Thursday, May 27—less than seventy-two hours from when two witnesses attested that Durden was informed of her rights regarding the seventy-two-hour hold. In support of its motion, CBH attached Durden's deposition testimony; medical records from Baptist Health; and documentation from CBH reflecting Durden's consent to transfer, her consent to voluntary admission, and the seventy-two-hour acknowledgment for involuntary commitment.

In response to CBH's summary-judgment motion, Durden argued that she did not "meet the test for involuntary commitment" pursuant to statute. Durden described her suicide attempt as a "minor-self harm incident" and explained that the charger cord did not leave a mark on her neck and that she had never attempted suicide before May 20. However, she provided no supporting documents to meet CBH's proof with proof that she did not present a clear and present danger to herself. Similarly, she failed to set forth a prima facie entitlement to judgment as a matter of law in her summary-judgment motion. Durden

10

provided no evidence—other than a few citations to her own inconsistent testimony—that she was being detained by CBH without the legal authority to do so.

Even if Durden had not filed a competing summary-judgment motion, we find that the record demonstrates CBH is entitled to judgment as a matter of law. In *Scott v. Harris*, 550 U.S. 372, 380 (2007), the United States Supreme Court held that in instances "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Further, the Court reiterated that when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 477 U.S. 242, 247–48 (1986)). Durden's unsupported statements that she withdrew her consent before Monday, May 23, and that she did not present a clear and present danger to herself, contradict her own deposition testimony and documentation in the record as detailed above. Moreover, Durden does not allege—nor has she ever alleged—that the medical documents and forms introduced into the record by CBH are fraudulent, are altered, or fail to accurately depict what occurred. Thus, Durden's argument that she was unlawfully detained by CBH cannot be reconciled with our record on appeal.

Finally, as her second point on appeal, Durden asserts that CBH is not immune from suit under Arkansas Code Annotated section 20-47-227. Because we affirm the circuit court's order granting summary judgment to CBH, we do not reach the merits of this claim.

11

## IV. *Conclusion*

For the above-stated reasons, we affirm the circuit court's grant of summary judgment to CBH.

Affirmed.

THYER and WOOD, JJ., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *Tasha C. Taylor*, for appellant.

*Hall Booth Smith, P.C.*, by: *Baxter D. Drennon* and *Joseph C. Stepina*, for appellee.